## MOORE v. SPENCE.

1. A gift of slaves by a father to a son is void as against existing creditors.
2. The right of a creditor in such a case, is not varied by the fact that a new note was executed for the debt subsequent to the gift.

ERROR to the Circuit Court of Talladega.

Trespass, *vi et armis*, by the plaintiff against the defendant in error, as sheriff of Talladega. The defendant pleaded the general issue, and a special plea setting up a justification, that the property was seized by virtue of legal process. Issue on the demurrer to the second, which was overruled by the court.

On the trial, the plaintiff proved, that in the summer of 1837, William H. Moore, his father, informed him that his wife's mother had died in Virginia, and had given to the wife some ten or twelve negroes, and that he, plaintiff, might have them if he would go or send ·for them. He accordingly sent an agent, who received them in Virginia for plaintiff, in December, 1837, and brought them to Talladega, where they remained for about a year, on the plantation of W. H. Moore, in the possession of the agent, then overseer of W. H. Moore, until they could be sent to Mississippi, where plaintiff was then living. The plaintiff carried the slaves to Mississippi in February, 1839.

The defendant produced in evidence an execution against W. H. Moore, in favor of J. R. B. Eldridge, and that, as sheriff of Talladega, he levied it on the negro in the controversy, which was one of those above mentioned, on the 2d August, 1842, by virtue of which he sold the slave. Defendant also offered W. H. Moore, who testified that when he gave the slave in controversy to his son, he owed the plaintiff in execution, J. R. B. Eldridge, a debt, secured by three notes under seal, which were due in 1833 or 1834. That on the 1st September, 1841, these notes were delivered up and destroyed, and a due bill executed in lieu thereof, for $478 50, which is the foundation of the judgment on which the execution, on which the levy was made, issued. Witness stated, that he never had possession of the slaves. That at

the time of the gift, he owed ten thousand dollars or more, but had ample means left to pay his debts. That the slaves were a reasonable provision for his son, and intended as such, and not equal in value to the provision made for his older children.

The court charged, that if William H. Moore owed the plaintiff in execution the debt, which was the foundation of the suit, at the time he made the gift to his son, that the gift, as to Eldridge, was fraudulent and void.

2. That the execution of ˅the due bill, and delivery of the three notes to W. H. Moore, did not extinguish the original debt, or affect the right of Eldridge to have his debt paid out of this property.

The defendant's counsel moved the court to charge the jury, that if William H. Moore never had the possession of the slave, it could not lawfully be taken in execution for his debts. To which the court replied, that if the slaves were given to the wife of William H. Moore, unless it was a gift to her sole and separate use, it was in law a gift to the husband; and that such gift, and the additional fact that he had assumed to give it to his son, who had taken possession of it, was a taking possession by the father.

To all which the defendant excepted; and which he now assigns as error.

Rice, for plaintiff in error, insisted, that the decision in Miller v. Thompson, (3 Porter, 196,) went too far—that the question of fraud should be left to the jury. In proof of which, he cited 4 Cow. 599; 8 id. 406; 4 Wend. 303; 7 id. 437; 15 id. 588; 18 id. 375; 1 Stew. 67; 11 Wheaton, 213; 1 Story's Eq. 344, 364.

As to the extinguishment, he referred to 2 Stewart, 498; 2 Porter, 280, 401; 1 Ala. 565; 5 Yerger, 199.

On the point of possession, to 1 Story's Eq. 300.

L. E. Parsons, contra, relied on the statute, Clay's Dig. 254; 3 Porter, 196; 3 Johns. C. 481; 5 Cowen, 72.

ORMOND, J.—The principal question is, whether a gift of slaves by a father to his son is void as against existing creditors.

In the case of Miller v. Thompson, [3 Porter, 196,] this question was considered by this court, and an elaborate opinion delivered, holding the affirmative of this proposition. No subse-

quent opinion of this court has weakened the force of that adjudication, and we, therefore, decline entering into a discussion of the merits of the question.   Even if we were dissatisfied with the decision, which we do not wish to intimate, we should hesitate long before we would overturn one so elaborately considered—of so much importance to the community to be settled on stable principles, and so long acquiesced in.

Another question, which has been argued in the case, is, whether the original debt of the father to Eldridge, which existed anterior to the gift of the slaves to the son, was not extinguished or merged in the note or due bill executed subsequent to that event, upon the consolidation of the three notes.   It cannot admit of question, that the debt which existed previous to the gift of the slaves, was not, as it respects this question, affected in the slightest degree by the consolidation of the three notes into one due bill, subsequent to the gift.   The rights of Eldridge did not arise from the fact, that the debt was secured by notes, but because the debt was due.   Any change, therefore, of the evidence of the existence of the debt, made by consent of the parties, can exert no influence on the rights of either.

It was further insisted, that the father never had possession of the slaves, and never asserted any right under the will of his wife's mother; and that, therefore, no right ever attached, upon the slaves in question, in favor of Eldridge.

It appears that the slaves, being in Virginia, were bequeathed to the wife of Wm. H. Moore, the father, by her mother, and that the father gave them to the son, on condition that he would send for them.   It is an established principle, that the right to personal property draws to it the possession; but independent of this consideration, the gift to the son was an exercise of ownership over the property by the father, and the reception of it by the son, is an admission of the title of the father.   This point, however, is too clear for argument.

Let the judgment be affirmed.