Rowdon v. Young, Adm'r.

BRODIE, for plaintiff in error.

T. D. CLARKE, contra.

-----

## ROWDON v. YOUNG, ADM'R.

1. A copy of a promissory note, evidencing a debt due from an insolvent estate, verified by affidavit, is a sufficient compliance with the statute requiring claims to be filed, and it is competent after objection made, to produce the original.

Writ of Error to the Orphans' Court of Shelby.

ON the 27th December, 1845, the report of insolvency which the defendants had previously made of their intestate's estate, was confirmed, and the appropriate order made with a view to the settlement of the same. On the 2d September, 1846, the administrators filed objections in writing to the allowance of the plaintiff's claim, which state the following causes: 1. Because the claim filed is only the copy of a

note, or bond, and the absence of the original is not accounted for. 2. Because the note or bond on file was not made by the intestate, or any one for him. 3. Because the plaintiff's claim, if he have one, was not filed within six months after the estate was declared insolvent, verified by affidavit. 4. Because the claim was not presented to the administrators, or either of them, within eighteen months after the grant of administration. An issue was made up, and the parties agreeing to dispense with a jury, submitted the questions arising to the court, whereupon it was adjudged that the objections be sustained, the claim forever barred, and that the plaintiff pay the costs.

A bill of exceptions was sealed at the instance of the plaintiff, from which it appears that he filed in the office of the clerk of the orphans' court, an account and affidavit, as follows, viz : " Talladega, Feb. 1, 1846. Fenelon Young, Dr. To one note of hand, or promissory note, to wit : $1,000. One day after date, I promise to pay John P. Rowdon, the sum of one thousand dollars, for value received, as witness my hand and seal, this 8th day of April, 1844. Fenelon Young, L.S. State of Alabama, Shelby county. Before me, Elijah G. Lawley, clerk of the county court of Shelby county, came John P. Rowdon, who, after being duly sworn according to law, saith, on oath, that the above is just and unpaid. Sworn to this day, 23 Feb. 1846. E. G. Lawley, clerk. (Signed,) John P. Rowdon." It was admitted that this paper was filed within six months from the time the estate was reported insolvent.

On the trial of the exceptions, the plaintiff produced the original note, of which the foregoing was a copy. Upon this evidence the court was of opinion that the claim was not sustained, and thereupon rejected the same, and adjudged the plaintiff to pay the costs ; to which he excepted.

L. E. PNRSONS, for the plaintiff in error, made the following points : 1. The evidence of the claim need not be shown, nor its justice established at the time it is filed. [3 Ala. Rep. 283.] The object of the objections being to ap-

prize the creditor of the insufficiency of his claims, he may remove them by completing the evidence before the claim is acted on. [Clay's Dig. 194, § 10; Hollinger v. Holly, 8 Ala. Rep. 454; Brown v. Easley, 10 Ala. Rep. 565; Shortridge v. Easley, Id. 520.]

2. The evidence necessary to sustain a claim, is often distinct from, and independent of, the claim itself. Here the note is but evidence of it. [Moore v. Spence, 6 Ala. Rep. 508.]

COLLIER, C. J.—The ninth section of the act of 1843, "to amend the laws now in force in relation to insolvent estates," requires every person having a claim against the estate of a deceased person, which is reported insolvent, to file the same in the clerk's office of the proper orphans' court within six months after the report is confirmed; every such claim shall be verified by the affidavit of the claimant; and the clerk shall indorse thereon the day on which it was filed, and shall keep a docket, or list of such claims, which shall at all times be subject to the inspection of the administrator and creditors of the estate; and if no opposition be made to the allowance of the claim, as provided by the act, within nine months after the estate was declared insolvent, it shall be allowed as a valid charge against the estate, without proof. The tenth section enacts, that within nine months after the estate is declared insolvent, the administrator, or any creditor thereof, in his name, may file objections in writing, to the allowance of any claim; and thereupon the court shall cause an issue to be made up between the claimant as plaintiff, and the administrator, or the contesting creditor in his name, as defendant, by pleading thereon as if the claimant had sued the administrator at law. If the issue shall be found against the claimant, his claim shall be rejected, and he shall pay all costs of the issue and trial; but if the issue shall be found in favor of the claimant, for the whole amount of his claim, the same shall be adjudged to be allowed, and he shall recover his costs, &c. If part of the claim shall be found due, his claim shall be adjudged to be allowed to that amount, and the court in its discretion, may direct the costs to be paid, &c. The act then proceeds to direct, that within

not less than nine, and not more than twelve months from the confirmation of the report of insolvency, the court shall proceed to make a final settlement, and adjudge to the creditors their rateable proportions, &c. [Clay's Dig. 194, §§ 10, 11, 12.]

In Hollinger, et al. v. Holly, et al., 8 Ala. Rep. 454, it was said, that the statute, in requiring all claims to be filed in the clerk's office within six months after the estate is declared to be insolvent, is imperative, and operates so as to entirely bar and exclude from participation in the assets, all creditors who omit to do so. But it was held, the direction that each claim shall be verified by the affidavit of the claimant, does not seem to be of such a nature as to warrant the rejection of a claim for its omission, when no exception is taken in the mode pointed out by the statute. The administrator, or a creditor, may require the claim thus to be verified; but if no such exception is taken, the want of an affidavit will not authorize its rejection; and it may be made after objections are filed to the claim. [Shortridge v. Easly, 1 Ala. R. 520; Brown & Co. v. Easley, Id. 564.]

In the case at bar, the only question is, whether the filing of an exact copy of a note, or other writing, evidencing a claim against the estate, verified by affidavit, is a sufficient compliance with the statute, and is it competent after objection made, to produce the original? It may be questioned whether the creditor is bound to file all the evidence by which he expects to establish his claim; if he should not, we incline to think, if he has specified his claim with so much particularity that it cannot be misapprehended, he ought to be allowed to sustain it, by the legitimate proof of its validity. The statute does not, *in totidem verbis*, require the evidence by which the validity of the demand is made apparent, to be filed, but merely the claim itself. It is perfectly certain, that the note or bill single is not the debt, but merely furnishes proof of it, and that the destruction of the evidence would not extinguish the liability to pay. [The Branch Bank at Mobile v. Tillman, et al., at this term; Moore v. Spence, 6 Ala. Rep. 506; Lee's Adm'rs v. Fontaine and Freeman, 10 Id. 755.] We have seen that the affidavit which the act requires, may be made after an objec-

tion is taken for the want of it, and why should not other proof of the claim be admitted in the same manner? The copy of the bill single, with the affidavit, is quite as explicit as the most formal declaration; and where an action is instituted in the ordinary mode, the plaintiff need not file the evidence of his demand until called for by the defendant, or it is required to entitle him to a verdict or judgment. Why should not the same indulgence be tolerated in a proceeding such as that now before us? *Besides*, does not the statute, in directing pleadings to be made up, and an issue tried, contemplate the introduction of other proof by either party, where it is necessary, than the claim as filed? Without stopping to answer these questions, we are of opinion that the plaintiff's claim should not have been rejected, because the bill single was not filed simultaneously with the copy and affidavit, and that it was competent for him to produce the original at the trial of the issue. The judgment of the orphans' court is consequently reversed, and the issue remanded to be tried again.