# HIGH ET AL. v. NELMS.

1. A voluntary conveyance of land by a father to a child, he being indebted at the time, is void as against existing creditors, and may be sold by execution at law against the father, notwithstanding the child, previous to the conveyance, had made improvements upon the land.

2. The doctrine of adverse possession does not apply to judicial sales.

3. To prove the indebtedness of the grantor, at the time of the execution of the deed, his notes for the payment of money, due previous to that period, are admissible evidence.

Error to the Circuit Court of Perry. Before the Hon. G. D. Shortridge.

THIS was an action of trespass to try title, and recover damages, brought by Benjamin H. Nelms, the defendant in error, against the plaintiffs in error, for a certain house and lot, situate in the town of Marion, Perry county.

The facts, as shown by a bill of exceptions upon the trial below, are these :—The plaintiff below claimed the premises in question under a deed executed by the sheriff, dated the 5th day of March, 1844; this deed was read to the jury, and was made by the sheriff of Perry county, in conformity to a rule made by him under an execution placed in his hands, which issued upon a judgment in favor of one Joseph Crenshaw against one Jonathan T. Simms and Nathaniel McMullin. This judgment was rendered in 1840, upon a note made by Simms & McMullin to the plaintiff in the judgment for the sum of $1000, due 1st January, 1837. The execution, judgment and note upon which they were founded, were read to the jury.

The plaintiff below, against the objection of the defendants in that court, w. permitted to read several notes signed by said Simms, falling due in 1838 and 1839, and showed they had been reduced to judgment, and prosecuted to insolvency, and still remained unpaid. The plaintiff below

then read in evidence a deed (which was produced by the opposing side, on notice,) executed by said Simms on the 7th day of October, 1839, conveying the premises sued for to Lucinda McKeen, the wife of one of the defendants below, and daughter of said Simms.    This conveyance was in consideration of the natural love and affection which he bore towards his daughter.    Said deed was recorded upon the acknowledgment of the grantor, before the clerk of the county court, on the day it bears date.    The plaintiff below, after adducing proof to show that Simms, the grantor in the deed, and defendant in the execution under which the land was sold, as above stated, was in possession of the premises after the judgment, closed his proof.

The plaintiff in error also relied upon the above deed to defeat a recovery, as showing title in the said Lucinda McKeen, who, with her husband, were admitted to defend, as landlords of High, the tenant.  They also offered proof, showing that McKeen and his wife, Lucinda, took the actual possession of the premises, in 1837, and that Simms removed to the country during that year.    That McKeen had employed workmen, and had improved the lot in 1838, to the value of about $800.    That while this improvement was being made McKeen and his wife, and Simms and his wife, resided upon the premises.    That in 1839 Simms cultivated a farm in Perry county—in December of that year, removed his hands to Pickens county, where he remainded one year, and from thence removed to the State of Mississippi.    It was shown that when he left Perry county in 1839, he had some twenty-nine negroes, besides other property.    It was further shown, that the premises in question had been rented from that time until the institution of the suit by the agent of Mrs. McKeen, with some slight intermission.

The court charged the jury, that if they believed from the proof, that said Jonathan T. Simms, at the time he made the deed to his daughter, was largely indebted to the persons named in the notes above mentioned, and if the debt under which the plaintiff in judgment sold through the sheriff to the plaintiff in this suit, was contracted before the said deed was made to Mrs. McKeen, that then the said deed was void in law and equity, and absolutely void as to the credi-

tors under whom Nelms purchased at sheriff's sale. That the deed being absolutely void, the sheriff might sell, notwithstanding said Simms was not in possession at the time said judgment was obtained, or when the sheriff levied on and sold the land. To this charge the defendants below excepted. The defendants below prayed the court below to charge, that if the jury believed, from the evidence, that the deed of gift to the defendant's wife was made in good faith, and not with the intent in fact to defraud the creditors of said Simms, the donor, and the defendant and wife went in immediately under the deed, and have been in possession ever since, that then the plaintiff cannot recover. This charge was refused.

The defendants below asked the court to charge, if they found the facts as stated in the above charge, the possession of defendants was adverse, and the sheriff had no authority to sell the premises. This was likewise refused, and the court charged, " that a conveyance from a father to a child, in consideration of natural love and affection, being voluntary, and not upon a consideration deemed valuable in law, was so far absolutely void as to pre-existing creditors, that as to them, the possession of the child was not an adverse possession, but that the creditors might levy their judgment and proceed to sell, and the doctrine of adverse possession did not arise. This charge was excepted to. The jury found for the plaintiff, the land and damages.

The matters of law arising out of the bill of exceptions, are assigned as error.

DAVIS, for plaintiff in error.

A. B. MOORE, contra.

1. The deed from McKeen to Simms and wife being voluntary, is fraudulent and void in law, as to existing creditors, and is embraced in the second section of the statute of frauds. See Clay's Dig. 254-5; Miller v. Thompson, 3 Porter, 196; Moore v. Spence, 6 Ala. Rep. 506; Read v. Livingston, 3 John. Ch. R. 481; O'Donnel v. Crawford, 4 Dev. 197; Morgan v. McLeland, 3 Dev. 82.

2. A voluntary advancement to children after marriage,

by a person indebted at the time, is fraudulent and void against all his creditors, who were such prior to the settlement or conveyance, and that without regard to the amount of indebtedness, or the extent of the property so conveyed, or the circumstances of the person making that settlement or conveyance. See Jackson v. Seaward, 5 Cowan, 67 ; O'-Donnel v. Crawford, 4 Dev. 197.

3. Until the right of entry of a creditor accrues, a fraudulent deed is void to all purposes as against him, whether offered as title or color of title. Pickett v. Pickett, 3 Dev. 6; O'Donnel v. Crawford, 4 Dev. 197.

4. In this case the deed of gift was executed three years after the marriage of Mr. and Mrs. McKeen, and was therefore no inducement to the marriage. McKeen made no improvements on the premises, after the making of the deed. The improvements were made in 1838, and the deed in 1839.

CHILTON, J.—The main question involved for our inquiry in this case is, had Jonathan Simms such an estate in the land sued for as was subject to sale under execution at law? There is no principle better settled, than that a person indebted cannot make a valid gift of his property to the prejudice of his creditors. They may, under ordinary circumstances, after having obtained judgment, proceed and sell the property, disregarding the gift. The law requires the claims of creditors should be first adjusted, before the donor is permitted to bestow his effects gratuitously even upon the most cherished object. In other words, to use the trite, but correct maxim, " he must be just before he is allowed to be generous." Miller v. Thompson, 3 Por. Rep. 196 ; Moore v. Spence, 6 Ala. Rep. 506 ; Hundley v. Buckner, 6 S. & M. Rep. 70 ; Clay's Dig. 254.

It is certainly true, that a voluntary conveyance not actually fraudulent as relates to the grantee may become valid and operative by matter *ex post facto*, as by a subsequent *bona fide* purchase for a valuable consideration. Wood v. Jackson, 8 Wend. Rep. 1 ; Jackson v. Anderson, 4 Wend. Rep. 474. And upon the first examination of this cause,

under the supposition that the improvements made upon the lot by McKeen were subsequent to the execution of the conveyance by his father-in-law, Simms, of the lot to Mrs. McKeen, we had arrived at the conclusion that a sale under such circumstances was not allowable. But the deed was executed in October, 1839, whereas, the improvements were made 1838, so that it is manifest the improvements were not made in virtue of the conveyance, but they belonged as well as the lot on which they were erected, to the defendant in the judgment under which they were sold. Such being the facts, it is too clear to admit of any doubt, that the gift was void as to Crenshaw, who was a subsisting creditor, and that the lot could properly be sold under the judgment. It follows from what we have said, the court did not err in the charge to the jury.

2. The charges asked by the defendant were very properly refused. They are predicated upon the hypothesis that the defendant, at the time of the sale by the sheriff, was in the adverse possession of the land. The law is well settled, that the doctrine of adverse possession does not apply to judicial sales.

3. There was no error in allowing the plaintiff below to prove the indebtedness of Simms by the notes read in evidence. It was certainly important to prove his indebtedness at the time of the gift to his daughter, and the notes bear date anterior to the deed.

Let the judgment be affirmed.