## P. & M. BANK OF MOBILE v. SMITH.

1. An affidavit to the justice of a claim, made after the qualification of the administrator, is not irregular, though it be previous to the recognition by the orphans court of the declaration of insolvency.
2. An agent of the claimant may make the affidavit.
3. If an exception is sustained to an affidavit, the court should permit the party to perfect the verification, if the proceedings for the adjustment of the estate are still in *fieri.*

Error to the Orphans' Court of Mobile.

THE estate of Alexander J. Jude was declared insolvent on the 7th April, 1847, and on the same day the plaintiff in error filed its claim, with an affidavit made by F. S. Owen, the secretary of the board, and the principal executive officer of the institution. At a subsequent date, on the 16th August, 1847, the same claim, with the same affidavit was filed. The court rejected the claim, because the affidavit had been taken before the decree of insolvency was made, and refused to permit the affidavit to be amended, and sworn to, by the commissioners, or secretary of the bank, to which the claimant excepted. This is now assigned as error.

J. A. CAMPBELL, for plaintiff in error.

1. The questions in this cause arise upon the settlement of an insolvent estate. The parties in both cases at the hearing offered to make the affidavit required by the statute, having made one previously which the court adjudged to be insufficient, and to prove their claim to be valid. The decisions of this court upon the statute for the settlement of insolvent estates, and upon cases analagous to that arising under this statute, entitled the claimants to amend their affidavit. Gilbert v. Brasher & Gooch, 12 Ala. 191. For the decisions on the attachment statute, see 8 Port. 404. If this

amendment was allowable, the proceedings in both cases in the orphans' court are erroneous.

2. The sufficiency of the claim filed by Bloodgood is established by Rowdon v. Young, 12 Ala. 234; Cook v. Davis, 12 Ala. 551.

3. The sufficiency of the proceedings to which the P. & M. Bank is a party, is established by Gaffney v. Williamson, 12 Ala. 628.

P. HAMILTON, contra.

The affidavit was made by an agent—the statute does not authorize such a proceeding—the bank was under the control of commissioners, and the affidavit should be made by one of them.

The final hearing of the claims of creditors in this case was not postponed, after the time first appointed by the court—consequently, the offer to amend or renew the affidavit was rightly rejected, and the case of Gilbert v. Brashear, 12 Ala. 191, does not apply.

The affidavit was made before decree of insolvency, and is not permitted by statute. It might very well happen that some of the debt had been paid.

The decisions of this court heretofore made, ought not to be extended. If too much latitude be allowed, all the benefit of the statute will be defeated, and the difficulty of obtaining settlement of insolvent estates will be renewed.

The law does not favor a negligent creditor. Diligence is rewarded by the law, and the object of the act of 1843, was to secure the vigilance and activity of creditors.

COLLIER, C. J.—It has been held, that a claim against the estate of a deceased person, which is adjudged insolvent, need not be verified by affidavit within the time prescribed by the act of 1843, for filing such claims. The creditor, as a matter of right, may make the affidavit, if the administrator, or other creditors, object the want of it, "any time before the estate is by the statute set for final settlement ;" and it is within the discretion of the court to permit an affidavit to be filed afterwards, if a decree has not been rendered di-

recting distribution amongst the creditors. So where the adjudication of the claims against an insolvent is continued to a time beyond that first appointed for a settlement, the creditor's affidavit, (for the want of which exception is taken,) may be made any time before it is passed upon. See Hollinger v. Holley, 8 Ala. Rep. 454; Shortridge v. Easley, 10 Ala. R. 520; 10 Ala. R. 564; Campbell's adm'r v. Campbell's creditors, 11 Ib. 730; Gilbert v. Brashear & Gooch, 12 Ib. 191; Rowdon v. Young, 12 Ala. 234; Cook v. David, Ib. 551; Rutherford's adm'r v. The Br. B. at Mobile, at the last term.

In the case before us, the bill of exceptions shows, that the claim was filed in due season, but the objection is, that the affidavit of its justness was made before the decree of insolvency, and by an improper person. In answer to the first objection it may be said, that the statute does not prescribe the time when the affidavit shall be made, and we cannot think the verification is irregular if it bears date after the qualification of the administrator, although it be previous to the recognition of the orphans' court of the declaration of insolvency. If the claim is then verified, the object of the statute will be subserved. Such an affidavit will show that the intestate did not discharge the claim, that it was a subsisting liability, at the time of his death; and if the administrator has since paid it, the *onus* of proving the fact devolves upon him, no matter when the affidavit was made.

Whether the secretary of the commissioners of the bank was the proper person to verify the claim, will depend upon the fact whether he was their agent, intrusted with the duty of collecting the debts due the bank. If he possessed such authority, we think he comes within the meaning of the statute, which directs the claimant to verify the demand. But if the commissioners were the actual receivers of the debts due the bank, they should make the affidavit.

Until the court passed upon the exception to the claim for the supposed defectiveness of the affidavit, the creditor need not have substituted another, so as to meet the requisition of the administrator. He should have been allowed upon the exception being sustained, to perfect the verification. The

proceedings for the adjustment of the estate were still *in fieri* —the settlement was in fact continued beyond the day designated upon the record for that purpose ; and this was quite sufficient to have authorived the court to admit the affidavit, within the principle of Gilbert v. Brashear & Gooch, *supra*.

It results from this view, that the orphans' court should have permitted, (if necessary,) the claim to be verified when the exceptions were sustained. The decree is therefore reversed and the cause remanded.