## RANSOM, ADM'R. &c., *vs.* QUARLES.

1. The filing of a certificate of the clerk of the court in which a judgment was rendered against an insolvent estate, substantially describing the judgment, is a sufficient compliance with the statute requiring claims to be filed, and it is competent for the creditor, after objection is made, to produce a transcript of the record.
2. An error, from which no actual injury results, is not a ground of reversal.
3. Where a clerk's certificate, substantially describing a judgment, is filed by a creditor as evidence of his claim against an insolvent estate, the omission to specify the costs is immaterial, as they are merely consequential to the judgment.

Error to the Orphans' Court of Marengo. Tried before the Hon. Jas. A. Young, Judge.

THE estate of the plaintiff's intestate having been duly declared insolvent, the defendant in error as evidence of a demand held by him against the estate, on the same day, filed with the clerk a certificate of the clerk of the Circuit Court of Perry county, stating that a judgment was rendered on the 19th May 1843 in said court, in favor of the defendant against the plaintiff in error for $3630 44, and appeared on the record as still unsatisfied. The plaintiff in error at the instance of another creditor of the estate filed objections to the allowance of the demand, whereupon an issue was made up, and by consent tried by the court without a jury. The defendant in error offered in evidence a transcript of a judgment, corresponding in all respects with that described in the certificate, except that it was for $3620 44 damages and $73 70 costs of suit. The plaintiff in error objected to the introduction of this transcript as evidence of the variance. He also objected to the allowance of the demand or any part of it, because no *legal evidence* of it had been filed in six months after the decree of insolvency, and to the amount of costs on the same ground. This item of costs had been brought in by the administrator as a credit and rejected. The court overruled each and all of the objections and rendered judgment for $5184 12, the supposed full amount of principle, interest and costs then due. This is now assigned as error.

HENLY & VARY, for plaintiff in error.

No counsel for defendant.

COLLIER, C. J.—In Rowdon v. Young, adm'r, 12 Ala. Rep. 234, the question was whether the filing of the copy of a note which evidenced a claim against the insolvent estate of the defendant's intestate, was a compliance with the statute, and authorised the production of the original after exception was taken. It was said by the court, that "it is perfectly certain, that the note or bill single is not the debt, but merely furnishes proof of it, and that the destruction of the evidence would not extinguish the liability to pay. We have seen that the affidavit which the act requires may be made after an objection is taken for the want of it, and why should not other proof of the claim be admitted in the same manner? The copy of the bill single with the affidavit is quite as explicit as the most formal declaration; and where an action is instituted in the ordinary mode, the plaintiff need not file the evidence of his demand, until called for by the defendant, or it is required to entitle him to a verdict or judgment. Why should not the same indulgence be tolerated in a proceeding such as that now before us? Besides, does not the statute in directing pleading to be made up, and an issue tried, contemplate the introduction of other proof by either party (where it is necessary) than the claim as filed?" In Rutherford's adm'r v. The Br. Bank at Mobile, 14 Ala. Rep. 92, this court was of opinion that it was not necessary to file a note or bond against an insolvent estate in the office of the clerk of the Orphans' Court, but the statute was sufficiently complied with, by filing a copy or substantial statement of the claim: *Further*, if the claim was left with the clerk within the time prescribed for the purpose of having it filed, the omission of the clerk to register it with others of a similar character could not prejudice the creditor.

If the principle of the cases cited is to be followed, it is perfectly certain that it was not necessary for the defendant in error to file a transcript of the record and judgment in the cause which he insisted showed that he was a creditor of the intestate's estate. A substantial recital of the amount of the

Ransom, adm'r, v. Quarles.

judgment, the time when it was recovered, &c., was quite sufficient to give to the administrator all the information that was necessary, unless he proposed to make defence against the claim, in that event he could file exceptions and call for an authenticated transcript. In fact it would be the duty of the Orphans' Court, *mero motu*, to require the production of legal evidence of a claim in such cases, where a mere memorandum or copy has been filed. The certificate of the clerk of the court in which the judgment was rendered, reciting the essential facts, is altogether as regular and effectual, as if they were embodied in a statement made by the creditor himself.

The discrepancy between the certificate of the clerk, and the transcript produced, is not a fatal objection to the allowance of the claim. There is no contradiction, except as to the amount of the judgment; the parties, court by which, and time when it was rendered, are all correctly stated, so that if it was necessary, the creditor might substitute another certificate or statement of his demand in conformity to the transcript. There would certainly be no stronger objection to the allowance of such an amendment than applies to a defective writ, declaration, or other pleading.

True, the decree professes to allow to the defendant in error the full amount of the claim stated in the certificate with $73 70 and interest on these sums, yet the amount of the judgment including the costs with interest at the time the decree was rendered by the Orphans' Court, distributing the assets between the creditors, exceeded the sum estimated as the amount of the claim. Now although the court may have proceeded upon a hypothesis prejudicial to the estate of the intestate, yet as no injury resulted in fact, the error was merely speculative and does not warrant a reversal of the decree.

It is insisted that as the claim filed did not indicate that the defendant in error sought to recover the costs which were taxed on the judgment recited in the certificate of the clerk, the Orphans' Court could not take them into the account and add them to the damages recovered, so as to swell the amount of the claim. The costs were merely consequential, and the certificate is sufficiently comprehensive to show that the demand was for whatever the judgment entitled the creditor to collect by execution. If necessary, it was clearly competent

for him to have amended his claim as exhibited, so as to embrace the costs *eo nomine.* Although the Orphans' Court may have refused to credit the administrator with the amount of the costs, it was clearly competent to have allowed them as a part of the claim of the defendant in error. There may have been reasons which justified their rejection in the one case that do not apply to the other, or if the court made an incorrect decision either with or against the consent of the administrator, the creditor was not bound to acquiesce, and the court itself might have decided correctly for the creditor. It is enough however upon this point, that the record does not show an available error.

What we have already said, furnishes an answer to the questions attempted to be raised by the form of the issue. Without stopping to enquire whether, as the Judge was by consent of parties substituted for the jury, his decision upon the issue should not be regarded both as a verdict and judgment, we are satisfied upon the facts and the law as we have stated it, the result is correct.

It remains but to add that the decree of the Orphans' Court must be affirmed.