FLINN, Administrator, *vs.* SHACKLEFORD, Creditor.

[ISSUE AS TO ALLOWANCE OF CLAIM AGAINST INSOLVENT ESTATE.]

1. *Insolvent estate; filing claims against.*—It is not necessary, under section 2239, (1883,) Revised Code, for the claimant to present the original claim to the executor or administrator, in order to hold him liable ; the presentation of a copy or abstract, or even notice given of the claim, with the assertion of the liability of the estate, and that the executor or administrator was looked to for payment, is sufficient.

2. *Same.*—A copy of a bill of exchange, drawn and endorsed by a decedent, and verified by affidavit, is filed as a claim against his estate, and the affidavit asserts that the "bill of exchange is a correct claim against the estate of said J. A. B., and is due and unpaid," and that affiant is "the owner and holder" of the original bill,—*held,* to be a sufficient filing of the claim, within the meaning of section 1847 of the Code, and that the said claim and affidavit are sufficient to authorize the allowance of the claim without further proof, no objection having been made to its allowance within twelve months after the estate was declared insolvent.—(Code, § 1853.)

3. *Pleadings in probate court.*—The same strictness of pleading is not requisite in the assertion of rights in the probate court, as in the courts of common law jurisdiction ; and if the claim and the affidavit show a substantial subsisting liability in favor of the claimant against the decedent, and asserts it in general terms, although not with the particularity of pleadings in the courts of common law, it is sufficient.

Appeal from the Probate Court of Montgomery.

In the matter of the estate of Jesse A. Bozeman, deceased, Bunberry Flinn, administrator. The said estate was regularly declared insolvent by a decree of the probate court of Montgomery, on the 15th day of March, 1866, and on the 23d day of May, 1866, Joseph Shackelford filed in the office of the judge of said court, as a claim against said estate, a paper in writing, as follows :

"$6,800. On the 8th day of January, 1862, pay to the order of J. A. Bozeman, six thousand eight hundred dolars, at the office of S. Cullom & Co., Montgomery, value received, and charge the same to account of *

J. A. Bozeman."

"To D. H. Lewis, J. W. Payne, Montgomery." Accepted by Lewis and Payne, and endorsed on the back.

J. A. Bozeman, John H. Stacey.

And at the same time made the following affidavit:

State of Alabama,      }     Before me, David Campbell, Montgomery county.    } judge of probate court of said county, Joseph Shackleford, who, being duly sworn says, "that he is the owner and holder of an original bill of exchange drawn by J. A. Bozeman, the deceased, on and accepted by D. H. Lewis and J. W. Payne, and endorsed by the said J. A. Bozeman and John H. Stacey, of which bill of exchange the above copied bill is a true and correct copy, with the endorsements thereon, and that said bill of exchange is a correct claim against the estate of the said J. A. Bozeman, and is due and unpaid. Subscribed and sworn to," &c. This claim was docketed as a claim against said estate in favor of said Shackleford, and said copy was placed amongst the claims filed against said estate. No objections or exceptions were filed against the allowance of said claim, within twelve months after the declaration of insolvency of said estate. On the 20th December, 1867, the said Flinn, administrator, and said Shackleford, being present, the probate court proceeded to audit the claims filed against said estate. The said Flinn, as administrator and as a creditor of said estate, objected to the allowance of the claim set up by Shackleford, and to the rendition of any decree thereon, because it did not appear from said paper writing, that said Shackleford had any valid claim in law against said estate. The court allowed Shackleford, against the objection of the administrator, to read in evidence the original of the bill of exchange copied above, and the protest thereof. Upon this evidence the court allowed the amount of said bill of exchange, with five per cent. damages thereon, costs of protest, and interest as a claim against said estate in favor of said Shackleford, and rendered a decree in his favor accordingly, and to the allowance of said claim and the rendition of said decree, the said Bunberry Flinn excepted, and appealed to this court and assigns the same as error.

WATTS & TROY, for appellant.
STONE, CLOPTON & CLANTON, *contra*.

BYRD, J.—1. The Code declares that " all claims against the estate of a deceased person, must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary or administration; and if not presented within that time, are forever barred."—§ 1883. The statute previous to the adoption of the Code was in substance, upon this subject, the same as the above provision. This court has long held that under this statute, it is not necessary for the claimant to present the original claim to the executor or administrator in order to hold them liable, and the presentation of a copy or abstract, or even notice given of the claim, with the assertion of the liability of the estate, and that he looked to the executor or administrator for payment, would be sufficient.—*Bigger, adm'r, v. Hutchings et al.*, 2 Stew. 447 ; *Garrow v. Carpenter, et al.*, 1 Por. 359 ; *Hallett et al. v. Br. Bk. at Mobile*, 12 Ala. 193 ; *Pollard v. Sears*, 28 ib. 484. The Code also provides that every person having any claim against an estate which has been declared insolvent, "must file the same in the office of the judge of probate, within nine months after such declaration, or after the same accrues, verified by the oath of the claimant, or some other person who knows the correctness of the claim, and that the same is due, or the same is forever barred."—§ 1847. It is further provided, that if no opposition is made "within twelve months after the time the estate was declared insolvent, such claim must be allowed against the estate without further proof."—§ 1853.

In this case, the claim is a bill of exchange drawn and endorsed by the decedent. A copy of it was filed as a claim against the estate, and a verification by affidavit, in which it is asserted that the " bill of exchange is a correct claim against the estate of said J. A. Bozeman, and is due and unpaid," and that affiant is " the owner and holder" of the original bill. It is contended, that this is not a filing of the claim within the meaning of § 1847 of the Code, and that the original bill should have been filed to make

the filing such as the statute required.    As it has been held that the presentation of a copy would be good under § 1883, it would *seem* that, the filing of such a copy would be sufficient under § 1847. The language used in the former section is, " all claims against the estate of a deceased person must be presented," &c. ; and in the latter, " every person having any claim against the estate so declared insolvent must file the same," &c.    The slight dissimilarity in the language thus used in these sections of the Code would not authorize a departure from the construction put upon the former in this respect ; and we think that the language used in both sections is so nearly the same, substantially, as to require us to hold that the filing of a copy of a claim is a sufficient filing.    Such a ruling preserves the analogies which should be observed in the construction of statutes which are *in pari materia.*    Besides, too rigid a rule should not be enforced against parties in a court which has no technical rules established for its proceedings, and which looks to the substantial administration of justice and equity without being held down to the strict rules of courts of common law.    In the administration of insolvent estates, the statutes should be construed liberally in favor of the remedy given to creditors, and not strictly to defeat their claims.    To hold that the original claim must be filed, would be a degree of strictness, neither in harmony with the doctrine announced nor promotive of the ends of justice.    We, therefore, hold that the filing of the copy of the claim, is a filing within the meaning of § 1847 of the Code. *Rowdon v. Young, Adm'r*, 12 Ala. 234.    As to the point made by counsel, that the administrator could not file a plea of *non est factum* without an inspection of the original claim, there can be no doubt that upon a proper motion he could require its production for the purpose of pleading to it—or if he had filed objections within the time prescribed by law he might perhaps be permitted to file additional objections or pleas at the hearing.

2. It is contended that the claim as filed and the affidavit thereto, do not show that the decedent was liable for the payment thereof.    This is a question not free from difficulty.    The bill had been accepted by the drawees, and was

past due when filed, and no evidence of protest and notice was filed with the claim, or other evidence which dispensed with the protest and notice. It is therefore insisted that the claim as filed, showed no liability on the part of the decedant or his estate to pay the bill. In the case of *Cook v. Davis*, 12 Ala. 551, the claim filed was a receipt of the intestate, which recited that " he received a note from Cook on Calvin M. High, for $249, which note he was to collect or return." The receipt was " verified by the affidavit of Cook as just and true," and that he had not "received anything on account of it." An objection was made on the ground that " the affidavit and certificates appended were insufficient to establish a claim." A note of intestate payable to Jones, Cook & Co., was also filed, verified by Wiley B. Cook, in form as the other claim. And this was objected to on the ground that it was not verified by the oath of the claimants, or by any sufficient evidence to establish it. Both affidavits were made before a justice of the peace of the State of Mississippi. The court say, " it may be difficult to say, that any precise form (of the affidavit) will cover all cases, but there is none in arriving at the conclusion, that the claim as presented must, in connection with the affidavit, show something for which the estate is responsible. If we test the first claim by this rule, it will be evident that neither the receipt nor the affidavit, nor both together, establish any matter for which the estate is responsible. It may be, the creditor yet possesses the means of collecting the note mentioned in the receipt, or it may be wholly worthless. As to this demand there was nothing to elevate it into a claim, and its rejection was regular, even if an exception had been taken." As to the latter claim the court say, " it is not even asserted in the affidavit, that he is the claimant of the sum due by it from the estate. Without undertaking to decide the claimant should show a legal title to the claim presented, we are clear that the statute requires the affidavit to be made by some one claiming either the legal or an equitable interest in the claim asserted. In this particular, this claim is also unsupported, and its rejection would be sustained, if an exception had been regularly taken." The appellant in that

Flinn, Administrator, v. Shackleford, Creditor.

case had failed to take an exception to the action of the court below in rejecting the claims on the affidavits filed. The court did not pass on the question whether the claimants could not have amended their affidavits at the trial, or offered evidence to supply the defects and make out a valid claim against the estate. We are satisfied upon the authorities hereafter cited, that the claim and the affidavit filed in this case are sufficient to authorize the allowance of the claim, no objection having been made to its allowance within twelve months after the estate was declared insolvent.— Code, § 1853 ; *McNeil v. Macou's Adm'r*, 20 Ala. 772 ; *Bartol v. Calvert*, 21 ib. 42 ; *Hogan's Ex'r v. Calvert, Adm'r*, ib. 194 ; *Gaffney v. Williamson's Adm'r*, 21 ib. 42 ; *Stubbs v. Beene's Adm'r*, 37 Ala. 42. It is true that the affidavit in this case does not show all the *facts* necessary to a recovery in a suit at law ; but as no objection was made to it within the time prescribed by law, and there being a substantial cause of action asserted in the affidavit by the averment that " the bill of exchange is a correct claim against the estate of the said J. H. Bozeman, and is due and unpaid, and that the affiant is the owner and holder thereof," taken in connection with the copy of the bill thus verified, we are of opinion that the court below-was bound to allow it " without further proof." I am inclined to think, that a judgment by default in a court of common law, on a complaint setting out in form such a state of facts or conclusions of law, as are shown by this claim and affidavit, would be held good on an appeal under § 2405 of the Code.

But however this may be, the same strictness of pleading is not requisite to the assertion of rights in the probate court, as in the courts of general common law jurisdiction. And if the claim and the affidavit show a substantial subsisting liability in favor of the claimant, against the decedent, and asserts it in general terms, although not with the particularity of pleadings in the courts of common law, we think it is sufficient. And such is the case before us.

Hence, the decree of the court below is affirmed.