[Williams v. Williams.]

# Williams *v.* Williams.

## *Ejectment.*

(Decided Dec. 20, 1910.    54 South. 107.)

1. *Ejectment; Title of Plaintiff; Evidence.*—Where a plaintiff in ejectment shows the possession of the land by his deceased ancestor under a deed, and a deed by the commissioner appointed by the probate court to sell the land under a decree for division of the land between the heirs of such deceased ancestor to himself, he makes out a prima facie case; and even without a deed from such commissioner, such plaintiff may recover as heir, his undivided interest provided the land belonged to his ancestor.

2. *Same.*—Where the issue in ejectment was whether a deed had been executed to plaintiff's deceased ancestor or to the ancestor's wife, it was competent for plaintiff to show that there was an agreement between the heirs and the wife of the deceased ancestor to the effect that the wife should be permitted to remain upon the land during her life, as tending to contradict the claim of ownership asserted by the wife.

3. *Same; Evidence; Jury Question.*—Where the action was ejectment and the plaintiff showed the possession of his deceased ancestor under a deed, and also the deed from the commissioner to him made pursuant to a decree for the sale of the land for division among the heirs of the deceased ancestor by the probate court, and the defendant claimed that the original deed was to the wife of plaintiff's ancestor instead of to the ancestor, and there was evidence as to the adverse possession of the wife, and the defendant, after the ancestor's death, and the evidence on these issues was conflicting, they became questions for the determination of the jury under the evidence.

4. *Adverse Possession; Possession of Surviving Widow; Effect.*— The possession of a widow of the real estate of her deceased husband is not adverse to the heirs where there is an agreement among them that the widow shall be permitted to remain on the land during her life.

5. *Champerty and Maintenance; Conveyance of Land Held Adversely; Partition.*—A sale under a decree of the probate court of land for partition or division between the heirs of a deceased owner is a judicial sale, and the deed from the commissioner to the purchaser is not invalidated by reason of the fact that the property at the time of the sale was in the adverse possession of a third person, although the deed was made before the present code went into effect.

6. *Partition; Sale for; Operation and Effect.*—One not a party to the proceedings resulting in a sale of land to the deceased owner made under a decree of the probate court for division or partition among the heirs of the deceased owner is not precluded from questioning the validity of the sale.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Ben Williams against Will Williams and another. Judgment for defendant and plaintiff appeals. Reversed and remanded.

McCORVEY & HARE, for appellant. It was competent for the plaintiff to show the agreement between the heirs and the widow for the occupation by her of the land during her life.—*Foy v. Welborn,* 112 Ala. 160; *Lucy v. R. R. Co.,* 92 Ala. 417; see 72 Ala. 541; 66 Ala. 516; 65 Ala. 260. The decree of sale for division was an adjudication of the fact that the plaintiff and defendant were joint tenants of the land, and hence, plaintiff was entitled to the affirmative charge.—*Sherrer v. Garrison,* 111 Ala. 228; *Hillans v. Brinsfield,* 108 Ala. 605; *Ballard v. Johns,* 84 Ala. 70; *Shepherd v. Shepherd,* 87 Ala. 560. The plaintiff made out a prima facie case.—*Moore v. Cottingham,* 113 Ala. 148; *Lyons v. Hammner,* 84 Ala. 197. It, therefore, follows, that the court was in error in directing a verdict for the defendant.

HYBART & BURNS, for appellee. No brief reached the Reporter.

ANDERSON, J.—The plaintiff showed the possession of his ancestor Edmond Williams under a deed. He also showed a deed from the commissioner to himself, under a sale from a decree of the probate court, for a division between the joint owners, as heirs of said Edmond Williams. This made for him a prima facie case. And without the deed from the commissioner he could have recovered as heir his undivided interest in the land, if it belonged to his father. The defendant claimed that Jane Lynch deeded the land to Emily Wil-

liams, the wife of Edmond, and that said Emily conveyed it to her. She also introduced evidence tending to show an adverse possession by Emily and herself after the death of Edmond, and therefore claimed title under said adverse claim, even if Edmond originally owned the land. There was a sharp conflict in the evidence as to whether or not the deed from Jane Lynch was to Edmond or Emily, and whether or not Emily ever claimed the land adversely as her own. These issues should have been submitted to the jury, and the trial court erred in giving the general charge for the defendants.

The plaintiff should have been permitted to show that there was an agreement between his mother, Emily Williams, and the heirs, to the effect that Emily should be permitted to remain on the land for her life, as this tended to contradict the claim of ownership by Emily. At the time, however, that the plaintiff attempted to do this, it was not material, as defendant had not then attempted to show title in Emily under the deed from Jane Lynch, or any claim thereto, and the trial court did not commit reversible error in this respect. Aside from this evidence, however, the plaintiff introduced enough to put the title of Emily in dispute, and to make the giving of the general charge for the defendant reversible error.

As we view the case from the present state of the record, there was no room for the doctrine of adverse possession. The record does not show when Emily Williams died, but there was no attempt to show adverse possession in Caroline Harris for 10 years after the death of Emily, and her claimed possession is by tacking to that of the said Emily. If Edmond was the owner of the land when he died, the subsequent possession of his wife was not adverse to the heirs, as we think the

10—170

only issue involved is whether or not Edmond or Emily owned the land, unless, of course, the defendant Caroline Harris can show an adverse possession of 10 years subsequent to the death of Emily and without tacking on the possession of said Emily. The testimony of Hybart and Slaughter was not therefore admissible unless to help show an adverse possession, but which could not benefit the defendants, unless it existed for 10 years. Nor does the fact that she was in adverse possession when the land was sold under the decree of the probate court invalidate the deed from the commissioner to the plaintiff. This doctrine does not strike down deeds under judicial sales, notwithstanding the deed was made before the present Code went into effect.— *David v. Shepard,* 40 Ala. 587; *High v. Nelms,* 14 Ala. 350, 48 Am. Dec. 103. The probate sale in question was a judicial one.—3 Mayfield's Digest, p. 1183.

The trial court cannot be placed in error for refusing the general charge requested by the plaintiff upon the theory that Caroline Harris is precluded by the probate sale from questioning the title of the purchaser thereunder; for if such would be the legal result ordinarily, but which we do not decide, it could not apply to the present case. "Caroline Harris" was not a party to the proceedings. "Caroline Andress" was, but not "Caroline Harris." Moreover, the proceedings show that the sale was made for a division of lands among the joint owners claiming as heirs of Edmond Williams.

While we have no brief from the appellees' counsel, it has been suggested by appellant's counsel that the trial court in giving the general charge for the defendant assumed that Edmond Williams was a slave and incapable of acquiring title to the land, and that the deed from Jane Lynch, if made to him at all, was executed when he was a slave. This theory is not borne out by

the record, as there was evidence that the deed was made to him after the surrender and after he was emancipated.

For the error heretofore designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

D'OWDELL, C. J., and SAYRE and EVANS, JJ., concur.