Price et al. *vs.* Chevers.

PRICE et al. *vs.* CHEVERS.

1. An omission to file a declaration, will be fatal on error, notwithstanding defendant may have appeared to the action, and suffered judgment by default.

Error to Marengo Circuit court.

Assumpsit—tried before *Chapman*, J.   Judgment for defendants below.

The error assigned was, that there was no declaration filed by plaintiff below.

*Murphy*, for plaintiffs in error.

GOLDTHWAITE, J.—There is no declaration found in the record of this case, and the judgment was rendered, "because the defendants said nothing in bar or preclusion of the plaintiff's action."   No attempt seems to have been made in the court below, to account for the absence of the declaration ;  nor in this court, to perfect the record by *certiorari*.   The case presents the naked question, whether the omission of the plaintiff to file a declaration, can be taken advantage of by the defendants, who have appeared to the action, and suffered a judgment to pass against them by default.   We entertain no doubt that this is a fatal error, which has not been waived.   In the case of Wheeler vs. Bullard, (6 Porter, 152,) we carried the doctrine of waiver to as great an extent, as we think is compatible with the rules of law, even when interpreted in conformity with the laxity of practice,

Price  et al. *vs.* Chevers.

which is known to prevail in many of the circuits.    We there held, that after a plea withdrawn, we would consider the defendant to have waived all matters in relation to the declaration, as  by pleading, he  admitted  its existence, and by withdrawing his defence, he admitted its legal sufficiency.    In this case, no such presumption can arise, as the defendants remain  entirely passive ;  no act is done by them from which an inference can be drawn, that they either knew of  the defect, or  waived  it.    We can  arrive at no  other  conclusion than this—that the plaintiff omitted to file a  declaration.    This omission is unwarranted by law, and the  judgment of the  Circuit court  cannot be  sustained—It is reversed, and  the case remanded.