## LUCAS v. HITCHCOCK.

1. When the judgment entry shows that the parties appeared, and there is a finding by the jury, this Court will presume it was on a proper issue, although no plea appears in the record.

2. When the judgment entry shows that the parties appeared, and the jury found for the defendant, and assessed damages in his favor, over and above the claim of the plaintiff, and the Court renders judgment in his favor for that amount, although no plea appears in the record, the judgment will be supported; it being a more reasonable presumption, that a plea was once filed, than that no plea ever existed in the cause, on which such a finding could be made.

Error to the Circuit Court of Mobile County.

THIS was an action of assumpsit commenced in the Circuit Court of Mobile County, by the plaintiff in error against the defendant in error. At the Fall term, 1838, a judgment was rendered, in favor of the defendant in the following words: This day came the parties by their attornies, and thereupon came a jury, &c., who on their oaths do say, we, the jury find for the defendant; and assess his damages to twelve hundred and ninety-one dollars, over and above the claim of the said plaintiff. Therefore it is considered by the Court, that the plaintiff take nothing by his said action, but that the defendant go hence and recover of the plaintiff, the aforesaid sum of twelve hundred and ninety-one dollars, so assessed as aforesaid, together with his costs, &c. From this judgment the plaintiff prosecutes this writ of error, and now assigns for error, that there is no plea, on any thing in the record to sustain the judgment of the Court.

CAMPBELL, for the plaintiff in error, cited, 9 Porter 191; 3 Porter 387; 2 Stew. & Porter 141; 1 ibid. 159; 3 ibid. 433; 4 ibid. 145; 2 Stewart's 483—Aik. Dig. 231.

STEWART, contra, insisted that, according to the previous decisions of this Court, we must presume that there was an issue tried between the parties, which warranted the judgment.

ORMOND, J.–In this case a judgment has been rendered for a sum of money, in favor of the defendant and no plea is found in the record. A *certiorari* to perfect the record, has been sent to the clerk of the Court, by which the judgment was rendered; and he has returned, that no plea after diligent search in his office can be found. The statute of set off, Aikin's Digest 281, provides that, " if it appear to the jury that the plaintiff is overpaid, then they shall give in their verdict for the defendant, and withal certify to the Court, how much they find the plaintiff to be indebted or in arrear to the defendant more than will answer the debt or sum demanded ; and it shall be the duty of the Court to enter up judgment for the amount so certified, for which execution may issue as in other cases."

As no other case exists, in which it would be proper to enter judgment for a sum of money in favor of the defendant, unless where the defendant under a proper issue, proved the plaintiff to be indebted to him in a sum larger than the claim sued on, the presumption is very strong, that such was the fact in this case.

The tendency of the decisions of this Court, for some years back, has been to presume, that those acts have been done, which though, they do not appear on the record, are supposed to exist by what does appear on the record. Thus in Wheeler v. Bullard, 6 Porter 352, there was no declaration in the record, but it was stated that the plea was withdrawn, and judgment rendered; and as there could not reasonably be supposed to be a plea, unless there was a declaration to plead to, the presumption was much stronger, that the declaration was lost from the files, than that it never had an existence. Had the judgment been by default, no such presumption could arise, and the want of a declaration would have been fatal. [Price v. Cheevers, 9 Porter 511.]

In Castleberry v. Pierce. 2 Stew. & Por. 141; it was held that, where the jury found *the issue in favor of the plaintiff*, this Court would presume that an issue had been in the files and lost. To the same effect is the case of Wade v. Kilough, 3 Stew. & Por. 434, and many subsequent cases.

In the case of Jennings v. Cummings & Mason, 9 Porter 310, there was a special plea, and also the pleas of payment

Lucas v. Hitchcock.

and set off. The entry was, the jury on the *issue* joined, found their verdict, and this Court held, that they would intend that all the pleas were before the jury, and that it was a clerical mistake.

These decisions evince the strong desire of this Court to prevent the reversal of judgments on a supposed state of facts, which other parts of the record are inconsistent with, and on presumptions which lose their force from the loose manner in which the papers of the cause are kept in many of the clerks offices.

In this case both parties appeared before the jury, who " find for the defendant and assess his damages to twelve hundred and ninety-one dollars over and above the claim of the said plaintiff." It would be most unreasonable to suppose, that in this case there was not an issue submitted to the plaintiffs, in which the defendant not only controverted the plaintiff's demand, but insisted that he was indebted to him. We have previously held that, where the parties appeared; and an issue was tried, we would intend that a plea had been filed, does it not flow from that decision, that we would suppose it to be the proper plea. The action in this case was assumpsit. Under the general issue, by giving notice, which need not appear on the record, the defendant would be entitled to an off set; it follows therefore, either that the parties went to trial on the general issue with notice, or on a plea of set off, or that the plea was waived. The present predicament of the record, can be explained on no other hypothesis, and in either event, the defendant is entitled to his judgment.

The judgment of the Court below is, therefore affirmed.