## DENT v. SMITH.

1. Property being levied on by virtue of an execution against the executors of L, and claimed by D, in virtue of a trust executed to him by L, in his life time, a plea by the claimant, that the estate of L had been declared insolvent, and that the judgment on which the execution had issued, had not been filed in the office of the clerk of the orphans' court, within six months after the decree of insolvency, and that on the settlement of the estate, the claim was rejected for that cause—is bad.

2. A claimant in the trial of the right of property, who derives his right from a deed of trust in which he is a trustee, must rely on the title thus derived, and will not be permitted to prove, that independent of the deed of trust, and long before it was created, his *cestui que trust* was the owner of the property conveyed by the deed, by gift from the donor.

3. When a trial of right of property has been had, it cannot be assigned for for error, that no issue in writing was made up previous to the trial.

Error to the Circuit Court of Tuscaloosa. Before the Hon. Thomas A. Walker.

THE facts of this case, which was a trial of a right of property, may be thus stated: The defendant in error, commenced suit against Charles M. Lewen, and Mary Lewen, executors of Charles Lewen, deceased, and whilst the suit was pending, an ancillary attachment was sued out, and served on the slaves in controversy, and also on other property. The slaves were claimed by the plaintiff in error, as trustee of Elvira Thomas. Judgment having been rendered in favor of the defendant in error, against the executors of Charles Lewen, deceased, execution issued thereon in the

Dent v. Smith.

year 1843, and was levied on the same property attached, which was claimed by Dennis Dent, trustee, and a bond given to try the right of property. The cause seems to have been continued until the March term, 1846, at which term the claimant interposed a plea, *puis darrein continuance*, setting forth, that Mary Lewen, the acting executrix, had in the year 1844, duly represented the estate of Charles Lewen, her testator, to be insolvent, to the orphans' court of Tuscaloosa county, and that said estate had been duly declared, and decreed to be insolvent by said court, on the first Monday in July, 1845. That the judgment on which this execution issued, was rendered in 1843, and that it had not been filed with the clerk of the orphans' court of Tuscaloosa, within six months after the decree of insolvency of said estate, verified in the manner prescribed by the act of 1843; and that on the settlement of said estate, the judgment was rejected by the orphans' court, and the assets decreed to be distributed amongst the other creditors who had filed their claims, in the manner prescribed by the act. To this plea the plaintiff in execution demurred, and the demurrer was sustained. Upon the trial of the issue, a bill of exceptions was sealed by the presiding judge, which shows, that the claimant, to sustain his claim, read as evidence a deed for said slaves, executed by Charles Lewen, deceased, bearing date the 24th January, 1840, whereby he conveyed said slaves, in consideration of love and natural affection, to the claimant, in trust for Elvira Thomas, the daughter of the grantor, which deed was duly recorded.

The claimant also introduced several witnesses, who testified, that the slaves which were found subject to the execution, were mother and son; that they had lived neighbors to Charles Lewen, the grantor, but had never known him to be in possession of said slaves, but had always seen them in possession of the husband of the *cestui que trust;* and for the space of fifteen years the said slave, Martha, had been in the possession of Armistead Thomas, and his family, during which time, Henry, the son, was born. That Lewen, the testator, had been considered solvent, and very punctual up to his death; and although his estate had been declared insolvent, it had resulted more from the bad management of

his representatives, than any thing else. It appeared, that the debt on which the execution issued, was contracted by Charles Lewen, before the execution of the deed of trust. It was also shown that Thomas had been insolvent for about twenty years, during all which time the slave Martha had been in his possession, and that of his family. On this evidence, the claimant requested the court to charge, that if Thomas and his family, had been in the possession of Martha for twenty years, and of Henry from the time of his birth, and that during this time, neither Lewen, nor his representatives, had ever claimed said slaves, that then said slaves were not subject to said execution; which charge the court refused, but charged the jury, that the claimant could not, to defeat the levy, set up title in another. The claimant also requested the court to charge the jury, that if the deed of trust executed by Charles Lewen in 1840, was but the satisfaction of a gift, made twenty years ago, and intended to confirm, and state the intention of it, that then the slaves were not liable to the execution; which the court refused.

Before the trial commenced, the claimant moved the court to dismiss the whole proceedings, because no attachment could issue against the representatives of a decedent; which motion was refused, both when made by claimant, and by counsel as *amicus curiæ*. A verdict subjecting the slaves to the execution of the plaintiff, and judgment being rendered, the claimant assigns for error—

1. The court erred in sustaining the demurrer to the plea, *puis darrein continuance.*

2. The court erred in proceeding further, after the estate had been declared insolvent.

3. The court erred in rendering a judgment on the verdict, there being no issue made up, as required by the statute.

4. The court erred in refusing the charges requested by the claimant.

5. The court erred in not dismissing the proceedings upon the motion made by claimant.

B. F. Porter and S. D. J. Moore, for plaintiff in error.

1. The court should have quashed the whole proceeding, as an attachment will not lie against a deceased person's es-

tate.   Wyman et al. v. Wyman, 1 Harper, 125 ; 2 Dallas, 73 ; 1 Johns. Cas. 372.

2.  The records of the orphans' court were offered to show that, that tribunal had acted on the debt, and rejected it. The execution was therefore discharged ; and evidence of this proper.

3.  There was no pretext upon which to make the property liable as part of the estate of Lewen.   That estate had neither property nor possession in it.   Without the deed,.the possession of Thomas for three years, made it his ; and the deed was but a confirmation of a gift long made, accompanied with delivery.   Gay v. Mosely, 2 Munf. 543 ; Myers v. Peek's adm'r, 2 Ala. R. 658, 659 ; McCutchen v. McCutchen, 9 Porter, 649.

4.  It could not be a fraud upon Lewen's creditors, because, though the debt was owing before the date of the deed, the title under possession, was long before vested in Thomas. Whether the deed can so control this possession as to vest the estate in Thomas's wife, by relation to. the original object of the gift, is a matter between .Thomas's creditors, and his wife's trustee.   Thomas and Howard v. Davis, 6 Ala. R. 113 ; Hill and Hill v. Duke, Ib. 259.

E. W. PECK, and J. & P. MARTIN, contra.

1.  The claimant cannot contest the validity of the judgment, or regularity of the execution.   Harrell v. Floyd et al. 3 Ala. 18.

2.  The claimant cannot set up title in a third person.   Mc-Grew v. Hart, 1 Porter, 183.

3.  The matter pleaded, *puis darrein continuance,* is no defence in this case.   The property sought to be subjected to execution having been conveyed by a voluntary deed by the defendant in execution, &c., although subject to plaintiff's execution under the statute of frauds, could not be taken by the administrator as assets, and consequently could not be affected by the decree of the orphans' court.   Marler v. Marler, 6 Ala. 369.   Dent was a stranger to the decree, and not bound by it in any way, and consequently could not plead it against the defendant in error.   Again, even if this suit had

Vol. 15—37

been against the administrator, the decree of insolvency would not have abated the suit. Clay's Dig. 195, § 13. It was not necessary for the creditor in this case to file his judgment under the tenth section of Clay's Digest, p. 194. It was a judgment which had been recovered against the administrator; but if it was, and not done, it could not affect him as to this property—it would only prevent him from taking a dividend under the decree, &c.

4. The evidence of the proceedings in the orphans' court was rightly rejected, for the reasons given in the last point.

5. By the plea *puis darrein continuance*, the plaintiff in error abandoned all his other defences.

6. There is no error in the charges of the court.

DARGAN, J.—We will first examine, whether the court erred, in sustaining the demurrer to the plea filed by the claimant, setting forth the decree of insolvency of the estate of Charles Lewen, against whose executors the judgment was rendered, on which the execution levied on the slaves, was issued. In the case of Betts v. Taylor, 8 Porter, 564, this court said, that on the trial of the right of property, levied on by execution, the plaintiff need not produce the judgment on which it was issued, nor can the claimant be permitted to litigate its justice, or to show that the defendant in execution was dead at the time it issued. And in the case of Fryer v. Dennis, 2 Ala. 144, it was said, that a claimant of property levied on by execution, cannot object to irregularities either in the judgment, or execution. In Harrell v. Floyd, 3 Ala. 16, this court held, that on the trial of the right of property, the claimant could not question the validity of the judgment, or the regularity of the execution, and to the same effect is the case of Collinsworth v. Horn, 4 Stew. & Por. 237, and also Perkins and Elliott v. Mayfield, 5 Porter, 182.

These decisions sufficiently show, that the claimant of the property, on the trial of the right under the statute, authorizing such trial, cannot be permitted to assume the position of the defendant in execution, and to contest its justice, or regularity. The only question that can be tried, is, whether the property is liable to the execution. The claimant cannot show, on this trial, that the judgment was obtained by fraud,

or that it has been paid, or otherwise discharged.    These authorities show, that the court did not err in sustaining the demurrer to the plea *puis darrein continuance.*    But independent of this view, this court held, at the last January term, that the statute of 1843, (Clay's Dig. 194,) requiring all claims to be filed in the clerk's office, within six months from the time such estate shall be declared insolvent, was intended merely to operate as between the creditors of such estate, and to give a preference to those creditors, who should file their claims in the manner prescribed by the act, over those who failed to do so ; but that a failure to file the claim with the clerk, under this act, would not operate as an extinguishment of the debt, in favor of the administrator, or distributees, if there be a surplus left, after the payment of the claims filed, according to the provisions of the statute. The judgment then, as against the distributees, was not discharged, and could not be enforced, against property liable to creditors, but which could not be treated by the executor as assets, or subjected by him to the payment of debts ; for the statute referred to, can operate only on the assets of the estate, which can be treated and administered as such, by the executor or administrator.    The judgment then, on which the execution issued, was not discharged, or satisfied, by the failure of the plaintiff to file it, as required, in the orphans' court, after the estate of Charles Lewen was declared insolvent.    It was only postponed, in reference to the assets of the estate, in favor of such creditors, as had filed their claims ; and as the property levied on, whether liable to the execution or not, cannot be said to be assets of the estate, because by *no possibility* can those slaves be claimed, or reduced to possession, by the executors of Charles Lewen.    If therefore, it were even competent to show, that by matter subsequent to the levy of the execution, and the interposition of the claim, the execution has been discharged, the facts set forth in the plea were insufficient for this purpose ; for notwithstanding the decree of insolvency, and the failure to file the judgment in the orphans' court, the plaintiff in execution may still proceed to subject such property, as is liable to creditors, but which cannot be treated as assets of the estate.

The next question we propose to consider, is the charge of

the court, and the refusal to charge as requested. The rule is settled by the decisions of this court, that a voluntary conveyance by a debtor, is void as against his creditors, who are then such. See Miller v. Thompson, 3 Porter, 196; Cato v. Easly, 2 Stew. 214; 2 Ala. 648; Moore v. Spence, 6 Ala. 506. These decisions fully show, that if Charles Lewen, the grantor, was the owner of the slaves at the time he executed the deed to Dent, as trustee for his daughter, Mrs. Thomas, the deed was void as against the plaintiff in execution, whose debt then existed, although the deed was valid as against the grantor, and his representatives.

To avoid the effect of this principle of law, the plaintiff in error contends, that at the time of the execution of the deed, the slaves in fact belonged to Mrs. Thomas, in whose possession Martha had been, for twelve or fifteen years before the execution of the deed; and her son from the time of his birth.

It must be true that Charles Lewen either had title to the slaves at the time the deed was executed, or he had *none*. If he had title, the deed is void as against the plaintiff in execution, whose debt then existed; if he had no title at all, he could convey none by his deed to the claimant, and if the deed conveyed no title to Dent, because the grantor had no title to convey, the claimant cannot insist on the title either of Mrs. Thomas, or her husband, to defeat the execution. McGrew v. Hart, 1 Porter, 175. If we were to permit a claimant, to interpose the title of a third person to defeat an execution, it would be to permit one man to redress the wrongs done to another, and thus to take charge of his rights, in which the claimant had no interest. If this could be done, the title of the third person would be bound by the decision, and hence the right, and title of the owner in fact, would be bound by a proceeding to which he was not a party. This view fully vindicates the propriety of the decision in the case of McGrew v. Hart, and shows, that the claimant in the trial of the right of property, must rely upon his own title, and cannot be permitted to insist on title in another, to which he is *a stranger*. The charge of the court was also correct. The court also properly refused to give the charges requested, for if Dent received any title by the deed, or if

Lewen had any to convey, the deed was void as against the plaintiff; and if Lewen had no title at the time the deed was executed, Dent took none by the deed, and if he took no title by the deed, he cannot be permitted to assert the rights of others, who cannot be affected by the proceeding, in this suit, to which they are not *parties*.

The only remaining question under the view of the law here taken, is, will this court reverse the judgment, rendered on a verdict, in the trial of the right of property, because no formal issue was made up in writing. Either party had the right in the court below, to insist, that the issue should be made up in writing, which the jury was impanneled to try; but if this was not done, and the parties went to trial as if it had been done, neither party can assign in this court for error, that the issue was not made up.

In the case of Lucas v. Hitchcock, 2 Ala. 287, the judgment entry showed that the parties appeared, and a verdict on the issue joined was rendered, but no formal issue was found in the record. This court presumed the issue was properly made up, although not found in the record, and refused to reverse the judgment. Whether the issue in fact was reduced to writing, and filed, as part of the record, we hold to be immaterial. The parties had the right before going to trial to insist, that the issue should be so made up; if this was omitted, or waived, or not insisted on in the court below, it cannot be assigned in this court for error.

There is no error in the record, and the judgment must be affirmed.