# Gray *v.* Raiborn *et al.*

## *Trial of Right of Property.*

1. *Issue; presumption as to.*—A formal issue joined between the parties is presumed, from a recital that a jury came and were empanneled to try the issue joined.

2. *Claim suit; judgment in.*—The proper judgment where the claimant is defeated on the trial of the right of property, levied on under attachment against another, is the condemnation of the property to the satisfaction of the attachment.

3. *Same.*—Judgment against the claimant for the assessed value of the property is a clerical misprision, amendable on motion in the court below, and not ground for reversal.

4. *Same; presumption as to.*—Where the jury find for the plaintiffs and assess the value of the property, to which the claim was interposed, at a certain sum, and the plaintiffs acknowledge the receipt of a portion of such value, whereupon judgment is rendered against the claimant for the remainder only, it will be presumed on appeal, in the absence of any objection below, that the judgment was matter of consent, or without objection on the part of the claimant.

5. *Claim suit, distinct from attachment suit.*—The attachment suit is a distinct and independent suit, and unless the record of it is introduced in some legitimate way into the claim suit, the appellate court will not look into the attachment proceedings for the purpose of finding error in the claim suit.

Appeal from Pike Circuit Court.

Tried before Hon. J. McCaleb Wiley.

Attachment at the suit of E. A. & J. E. Raiborn against one Williams, was levied on ten thousand pounds of seed cotton, as his property. Gray also claimed the cotton, and interposed his claim, under the statute, to try the right of property. There was a trial of the right of property, as appears by a minute entry, as follows:

"E. A. & J. E. Raiborn } On this, ninth day of October, 1872, comes the parties by their attorneys; then comes a jury of good and lawful men, to-wit: T. M. Murphree and eleven others, who being elected, tried and sworn, well and truly, to try the issue joined, on their oaths say: We, the jury, find the issue in favor of the plaintiffs, and assess the value of the property at one hundred and twenty-five dollars, and it appearing to the court that the plaintiffs acknowledge the receipt of twenty

[Gray v. Raiborn et al.]

dollars : It is, therefore, considered that the plaintiffs recover of the defendant, Parker Gray, claimant, one hundred and five dollars, the balance of said value of the property, and also the costs incurred in this behalf, for which execution may issue."

There is no bill of exceptions, and Gray appeals upon the record.

In response to a *certiorari*, after the case was brought to this court, the clerk certified an amended transcript, from which appears the following judgment entry in the main suit, rendered on the tenth day of October, 1872 : "Comes the plaintiffs and dismiss their suit, and Parker Gray comes in and assumes the costs. It is, therefore, considered by the court that this cause be dismissed, and that the plaintiffs recover of Parker Gray the costs incurred in this behalf, for which execution may issue." It does not. appear from the record that Gray made any motion to correct the judgment against him for the assessed value of the property, or otherwise objected to it, in any way, in the court below. The record does not disclose any formal issue between the parties in the claim suit. The transcript of proceedings in this suit contains certain proceedings in the main cause, to-wit : the affidavit for attachment, the bond, writ of attachment, return of levy, and the complaint filed against Williams, but no judgment in the main suit ; and the only judgment in that suit, so far as appears from the record, was sent up in response to a *certiorari* from this court, as already stated.

It is now assigned for error: 1st. That the judgment against the claimant, in favor of plaintiffs, was erroneous ; "the record failing to show that plaintiffs were entitled to a judgment against the defendant in attachment."

2d. That judgment was rendered against the claimant.

3d. That judgment was rendered, without any issue made between plaintiffs and claimants as required by law.

JOHN D. GARDNER, for appellant. The character of the judgment, to be rendered, in a case like this, is clearly pointed out by the conditions of the claim bond, as prescribed by §3016 of the Revised Code. There is no authority to render a judgment for money against the claimant. The record does not show that the plaintiffs were entitled to any judgment against the defendant in the attachment suit, but on the contrary, that that suit was dismissed upon Gray's assuming the costs.

R. E. WOOD, *contra*.

[*Ex parte* Buckley.]

BRICKELL, C. J.—1. It has long since ceased to be an error or irregularity working a reversal of a judgment, that the record does not disclose a formal issue between the parties. It is presumed from the recital, that a jury came and were empanelled to try the issue joined. Especially should this presumption be indulged, when the proceeding is a trial of the right of property under the statute, capable only of a single issue, clearly prescribed. *Hall* v. *Dargan*, 4 Ala. 696; *Lucas* v. *Hitchcock*, 2 Ala., 287; *Dent* v. *Smith*, 15 Ala., 286.

2. The proper judgment was a condemnation of the property to the satisfaction of the attachment levied on it, and not a judgment that the claimant pay the plaintiff the assessed value of the property. An error in this respect would be a clerical misprision, amendable on motion in the circuit court, and would not be cause of reversal here. In this case it is not an unreasonable presumption the judgment against the claimant for the assessed value, was matter of consent or without objection from him. The plaintiff acknowledges to have received twenty dollars of the assessed value, and for the remainder only is judgment rendered. It is unreasonable to suppose, in the absence of all objection or exception, that all this occurred *in invitum* against the appellant.

3. The attachment suit is a distinct and independent suit, and unless the record had been for some legitimate purpose introduced in the court below, we cannot now look into it, certainly not for finding error in the claim suit.

The judgment is affirmed.