[Savage v. Atkins & Co.]

# Savage v. Atkins & Co.

### *Suit by Attachment.*

1. *Attachment; insufficient affidavit in may be amended.*—While the Affidavit on which an attachment is issued is not void for want of subscription by the affiant, it is irregular and insufficient in that respect, Code, § 527; but it may be amended at the trial by being subscribed by the affiant. Code, § 564.

2. *Rule nisi; no error in granting; when.*—When the circuit court grants a rule *nisi* to the justice of the peace who issued a writ of attachment requiring him to show cause why he should not indorse on the writ the fact that the defendant waived his right of exemption, and there is nothing in the record to show that the defendant objected or excepted to the granting of the rule, or that any proceedings were had thereunder to his prejudice, there is no error.

APPEAL from Chilton Circuit Court.
Tried before Hon. N. D. DENSON.

V. B. Atkins sued out process of attachment against D. C. Savage. No facts need be stated, as the opinion clearly states the case.

J. H. SAVAGE, for appellant.

F. L. PETTUS and W. A. COLLIER, *contra.*

SHARPE, J.—The affidavit upon which the attachment was issued was not void for want of subscription by the affiant.—*Watts v. Womack,* 44 Ala. 605. It was however irregular and insufficient in that respect because of the requirement of section 527 of the Code that the affidavit in such cases be subscribed by the party making it. Section 564 of the Code provides that "the plaintiff before or during the trial must be permitted to amend any defect of form or of substance in the affidavit bond or attachment; and no attachment must be dismissed for any defect in the affidavit if the plaintiff, his agent or attorney will make a sufficient affidavit" etc.

[Eufaula National Bank v. Manassas, Exr., Etc.]

Under this provision the amendment to the affidavit was properly allowed, and by it the defect which formed the only basis for the motion to quash the attachment and for one of the pleas in abatement, was cured.

· The judgment entry recites that "the defendant's plea in abatement having been heard by the court it is adjudged that the same is overruled." There is no bill of exceptions and the record before us leaves it uncertain whether this recital is in reference to the plea setting up insufficiency of the affidavit or to that averring the pendency of a former suit, and the issue or evidence upon which the court acted in making the order is not disclosed. If the judgment purporting to overrule the plea had effect to require the defendant to answer over, still it is not shown to involve reversible error. ·

There is nothing to show that the defendant objected or excepted to the granting of the rule *nisi* to the justice of the peace or that any proceedings were had thereunder to his prejudice.

The judgment will be affirmed.