# Wheeles *v.* New York Steam Dye Works.

*Statutory Trial of the Right of Property.*

1. *Claim suit; nature thereof.*—While a statutory trial of the right of property is a suit dependent or collateral to the main suit in which is issued the process levied upon the property claimed, it is, as between the plaintiff and the defendant, separate and distinct and independent to the main suit, with distinct and independent issues; and, therefore, the judgment in the claim suit is not, in any way, decisive of the right of the plaintiff's recovery against the defendant in the main suit.

2. *Same; same; effect of appeal.*—Where an attachment is sued out in a justice of the peace court, and to the property levied upon a claim is interposed, if from a judgment rendered in the claim suit thus instituted an appeal is taken to a circuit or city court, such appeal does not carry to the appellate court the attachment suit; and upon rendering judgment against the claimant, such appellate court is without jurisdiction to render judgment in favor of the plaintiff against the defendant in the attachment suit which is still pending in the justice of the peace court.

3. *Plea in abatement to jurisdiction of circuit or city court on appeal.*—Where, on an appeal to a circuit or city court from a judgment by a justice of the peace in a claim suit, instituted for property levied upon under an attachment issued by such justice, if judgment is rendered therein against the claimant, while the attachment suit was pending in the justice of the peace court, and the plaintiff makes a motion in the appellate court for judgment against the defendant, a plea in abatement to the jurisdiction of the court, setting out such fact, is sufficient and should be sustained; and the fact that such plea is filed by the defendant, whose appearance as stated therein is special for the purpose of

[Wheeles v. New York Steam Dye. Works.]

protesting against the court assuming jurisdiction, is not sufficient to author.ze the court to strike such plea from the file and to render judgment by default against the defendant upon his failure to further appear or plead.

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHARLES A. SENN.

This appeal is taken from a judgment by default rendered under the following circumstances: In February, 1896, the appellees, A. D. Gatchel and others, being partners under the firm name of The New York Steam Dye Works, sued out an attachment against appellant, W. S. Wheeles, before a justice of the peace of Jefferson county, for thirty-seven and 51-100 dollars. The writ was levied on certain chattels, all of which were claimed by one Z. D. Frazier, who made an affidavit of claim and a claim bond as provided by statute. Issue was made up between plaintiffs and claimant and the justice found it in favor of the plaintiffs, but an appeal was taken to a jury in the justice court, who found for claimant. Thereupon the plaintiffs, appellees here, appealed to the city court of Birmingham. They executed an appeal bond in the sum of thirty dollars payable to Z. D. Frazier only and condititioned that they should prosecute to effect an appeal taken by them to the next term of the city court of Birmingham from a judgment rendered against them in favor of said Z. D. Frazier, etc., or in case they fail therein to pay such judgment as might be rendered against them by the city court of Birmingham. Upon this appeal bond being filed, a notice of appeal was issued to "W. S. Wheeles and Z. D. Frazier, claimant," etc., which is indorsed "executed service on Richard Evans, Atty. for defendant and claimant, 6th May, 1896."

An issue was made up in the city court of Birmingham between plaintiffs and the claimant, which resulted in a verdict, on the 9th day of March, 1900, for plaintiff as against the claimant, and a judgment condemning the property "to the satisfaction of such judgment as has been or may be hereafter rendered in favor of plaintiffs against the defendant in the case wherein the writ of attachment was issued." Immediately on this verdict being rendered against the claimant, to-wit, on the

9th of March, 1900, plaintiff made an oral motion for judgment against defendant Wheeles, which at the request of the court and the attorney for claimant, was required to be put on the motion docket. On April 30, 1900, plaintiffs had filed a complaint in the city court of Birmingham demanding of defendant the sum of $37.50. To this motion for judgment W. S. Wheeles appeared specially, and filed a written protest or objection setting up that the case as against him had been commenced in the justice court, that from the day of the commencement of the suit the collateral issue of claimant had been pending to the day of the rendition of the judgment therein, and the case against defendant had been in abeyance in said justice court awaiting the termination of the collateral issue and was still pending there. He averred, however, his readiness to plead if the court should hold that the city court had jurisdiction and asked leave so to do. And on the same date, May 1, 1900, to the complaint filed April 30, 1900, he pleaded, appearing specially, and set out the pendency of the suit in the justice court its having been in abeyance by reason of the pending of the claim suit, and that no judgment had ever been rendered as between plaintiffs and this defendant from which any appeal had been taken, but that suit was as between plaintiffs and this defendant still pending in the justice court. This plea concluded with verification by the record. And with this plea as well as with the answer to the motion a written demand was filed that all issues of fact be tried by a jury, if the court held that the case was triable in said court.

On May 2, plaintiffs moved to strike out the plea so filed by defendant from the file on the following grounds: 1. That the plea was filed after plaintiffs had moved for judgment. 2. That is was frivolous. 3. That the appeal taken by plaintiffs from the judgment of the justice of the peace in favor of claimant had brought up the whole case.

The case was not triable at that term of the court, ending June 30, 1900, inasmuch as "the docket or calendar of cases to be called during the term ending June 30th, 1900, having been set and filed and this case

[Wheeles v. New York Steam Dye Works.]

not being among them." But at the request of plaintiffs' counsel the defendant's counsel consented on May 7th that the motion to strike out the plea might be disposed of. Thereupon the court overruled and refused the motion of plaintiff for judgment against defendant Wheeles, but sustained the motion to strike out his plea and struck out said plea, and defendant excepted. And on the 21st day of May, said day being a default day under the rules of the court, on oral motion of plaintiffs' attorney, and in absence of defendant and his counsel, a judgment by default was rendered against the defendant; and the court, adjudging that a jury had been waived, proceeded to fix the sum at $50.

GEORGE A. EVANS, for appellant.—To sustain judgment by default the record must show that the defendant had notice as required by the statute.—*Diston v. Hood*, 83 Ala. 332; *Rosenberg v. Claflin*, 95 Ala. 252. A special appearance limited to a particular purpose, will not waive or avoid the necessity of summons.—*Grigg v. Gilmer*, 54 Ala. 430; *Exchange Bank v. Clement*, 109 Ala. 270.

The case, being in attachment, was in abeyance and could not be proceeded with until the claimant's issue was decided.—Code of 1896, § 567; *Abraham v. Nicrosi*, 87 Ala. 178; *Sloane v. Hudson*, 118 Ala. 27.

There never having been an attempt to appeal from any judgment for or against W. S. Wheeles rendered by the justice of the peace, the case was not triable as against him in the city court of Birmingham.—*Wyatt v. Judge*, 7 Port. 39; *Francis-Chenoweth H. Co. v. Bailey*, 104 Ala. 566; *Gunter v. Mason*, 125 Ala. 644. In absence of any step required by law to take an appeal, and bond payable to Wheeles, the city court had no authority to try the issue between him and plaintiff. *Seaman v. White*, 8 Ala. 659; *Gray v. Raiborn*, 53 Ala. 40; Code, §§ 483, 484; *Gunter v. Mason*, 125 Ala. 644.

The plea filed by Wheeles setting up the pendency of the suit in another court, with verification by record was proper, and presented issues of law and fact which could not be reached by motion to strike.—*McAnally v. Hawkins*, 109 Ala. 397; *Powell v. Crawford*, 110 Ala. 294.

[Wheeles v. New York Steam Dye Works.]

JAMES A. MITCHELL, *contra.*—It has been decided by this court that where an attachment is brought before a justice of the peace and a claim is interposed by a third party, and on the trial of the claim suit in the justice court a judgment is rendered in favor of the plaintiff against the claimant, and also against the defendant in attachment, and the claimant afterwards carries the case to an upper court by *certiorari,* the entire judgment is annulled, and the case stands in the upper court for trial *de novo* as if appeal had been taken both from the judgment against the defendant and the judgment against the claimant.—*Atlantic Glass Co. v. Paulk,* 83 Ala. 404; *Hudson v. Wood,* 102 Ala. 631.

HARALSON, J.—When the claimant appealed to the city court from the judgment rendered in the justice of the peace court, this appeal had the effect to annul that judgment, and to transfer the cause, between the plaintiff and himself, from the justice's court into the city court. On the trial of the right of property the claimant's right to it as set up must always be tried first, before a judgment can properly be rendered against the defendant.—3 Brick. Dig., 591, § 42; *Abraham v. Nicrosi,* 87 Ala. 173.

A claim suit is not an independent suit, in the sense that it may, in the first instance, be inaugurated as such; but it is, under the statute, consequential or collateral to the main suit against the defendant in attachment.—*Jackson v. Bain,* 74 Ala. 328; *Cofer v. Reinschmidt,* 121 Ala. 252. Yet as between the immediate parties to it,—the plaintiff and the claimant,—it is distinct and independent of the main suit between the plaintiff and the defendant in attachment, with distinct and independent issues.—*Gray v. Raiborn,* 53 Ala. 40.

When the claim interposed was tried before the justice, on appeal to a jury, a verdict was found for the claimant. No formal judgment appears in the transcript of a judgment by a justice on this finding; but the plaintiff appealed, and in the appeal bond it is recited that a judgment had been rendered for the claimant. In the city court, an issue was made up under the statute, between the plaintiff and the claimant,

and on the trial, a verdict was rendered in favor of plaintiff and the jury assessed the value of the property levied on. A proper judgment followed, condemning the property levied on to the satisfaction of such judgment as might thereafter be rendered in favor of the plaintiff against the defendant.—*Tobias v. Triest*, 103 Ala. 665. This was as far as the city court could go. It had no jurisdiction of the defendant in the main suit. The case of the plaintiff against the defendant in attachment, was not, by the appeal to the city court, carried into that court, but remained in the justice's court, to await the determination of the claim suit in the city court, and whether or not the plaintiff,—the claimant having been cast by the judgment of the city court,—was entitled to judgment in the main case against defendant, was a matter for the adjudication in the justice's court, in the first instance. The case of *Cofer v. Reinschmidt, supra*, is not in conflict with what we here announce. That case is distinguishable from this, in the fact, that there, the main case and the claim suit were tried together,—a very anomalous procedure,—and a joint judgment was rendered against the claimant and the defendant, and it was held that an appeal by the claimant from that judgment carried the case into the circuit court, to be tried *de novo*, just as an appeal in each case would have done.

The plaintiff,—after the determination of the claim suit adversely to claimant,—moved the city court for a judgment against the defendant. The defendant, in answer to this motion, appeared specially by his attorney, for the purpose solely of making protest against the court's granting the motion, on the ground that the case against him was still pending in the justice's court, and that the city court had no jurisdiction of the case or of the defendant, to render judgment therein against him. The court on the hearing of said motion of plaintiff for a judgment against defendant disallowed the same.

On what ground the court disallowed this motion for such judgment we are not informed. However, on the same day of the overruling of said motion, the defendant appeared specially, for the purpose of filing a

plea in abatement in the cause in which he set up the want of jurisdiction in the court to hear and determine the cause, on the same grounds, as were set out in his answer to plaintiff's motion for a judgment against him, which plea the court struck out on motion of plaintiff, and proceeded, thereafter to render judgment against defendant by default.

For none of the reasons assigned for striking out said plea, should it have been stricken. If the facts there set up were true, and they are not denied but fully shown, the court was without jurisdiction of the suit against defendant, or of defendant, to render judgment against him.

Reversed and remanded.