(84 South. 432)

WRIGHT v. DUBOSE. (4 Div. 594.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

1. APPEAL AND ERROR ⊚⟿1185—WHERE FAILURE TO ASSIGN ERROR WAS DUE TO MISUNDERSTANDING, AFFIRMANCE WILL BE SET ASIDE.

Where one of appellant's attorneys was in the army and another ill, and a brother attorney was requested to assign errors and submit the cause, but through misunderstanding merely submitted the cause, a judgment of affirmance will be set aside, and assignments of error thereafter allowed to be filed.

2. LANDLORD AND TENANT ⊚⟿229(7)—REFUSAL TO ALLOW AMENDMENT OF ATTACHMENT WRIT AGAINST TENANT HELD ERROR.

Under Code 1907, § 2965, allowing amendments as matter of right which do not entirely change the parties or the subject-matter, it was erroneous for the trial court to refuse to allow an attachment writ issued against the estate of the defendant, who had been plaintiff's tenant, to be amended so as to run against the crop.

3. LANDLORD AND TENANT ⊚⟿229(15)—WRIT OF ATTACHMENT AGAINST ESTATE OF TENANT INSTEAD OF CROP MERELY IRREGULAR.

Though writ of attachment by a landlord ran against the estate of a tenant instead of against the crop raised on the premises demised, the writ was not void, only irregular, and, where levied on property other than the crop, it should be abated as to such property.

Appeal from Circuit Court, Barbour County; A. H. Alston, Judge.

Action by S. J. Wright, as executor, against Dock Dubose, begun by attachment. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The cause was affirmed on the first submission for want of assignment of errors, but the affirmance was set aside, and the cause reinstated on the grounds as stated in the affidavit that the request was made of a brother lawyer to assign errors and submit the cause, but through misunderstanding of the request the cause was simply submitted, and no errors assigned; the attorneys representing the appellant, one being in the army, and the other ill with "flu." The affidavit for the attachment alleged the relation of landlord and tenant, the fact that rent was due, and that there was also an amount due for advances to make the crop. The writ follows the general form and commanded the attachment of so much of the estate of the defendant as shall be of value to satisfy the debt. The court permitted the plaintiff to amend in certain particulars the affidavit, but declined to permit the plaintiff to amend by striking out the word estate in the writ and inserting in lieu the following: "Crops raised on the land described in the aforementioned affidavit"—and dismissed the writ.

Winn & Winn, of Clayton, for appellant.

Plaintiff had a right to amend his writ, as well as his affidavit. Section 2965, Code 1907; 119 Ala. 27, 24 South. 458.

E. W. Norton, of Clio, and G. E. Jones, of Clayton, for appellee.

If there was error, it was without injury.

BRICKEN, J. [1] For want of assignment of errors upon the part of appellant, this cause was affirmed on May 13, 1919. However, upon proper motion and showing to this court, the judgment of affirmance was set aside on June 12, 1919, and assignments of errors allowed to be made.

This was an attachment suit by appellant, plaintiff in the court below, against appellee (defendant), to enforce a lien for rent. The attachment writ was directed generally against the estate of the defendant, but was levied only on the crops. The court allowed the plaintiff to amend the affidavit so as to show the relation of landlord and tenant, but denied plaintiff the right to amend the attachment writ so as to have it directed against the crops instead of the estate generally, and, on motion of the defendant, dismissed the attachment.

[2] The court erred in refusing to allow plaintiff to amend the attachment writ. The statute expressly gives him this right. Code 1907, § 2965. This statute allows amendments as a matter of right, which do not entirely change the parties, or the subject-matter; and it has been expressly held that an attachment issued against the estate can be amended so as to be against the crop. Sloan v. Hudson, Adm'x, 119 Ala. 27, 24 South. 458; Webb & Stagg v. McPherson & Co., 142 Ala. 540, 38 South. 1009; Savage v. Atkins & Co., 124 Ala. 378, 27 South. 514.

[3] The court also erred in dismissing the attachment. The writ, being directed against the estate, and not against the crops, was not void, but irregular. Had it been levied on property other than the crops, it could have been abated as to such property. Ellis v. Martin, 60 Ala. 394.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes