161 So. 98
### COOPER et al. v. OWEN.
### 2 Div. 57.

Supreme Court of Alabama.
April 25, 1935.

W. J. Dansby, of Butler, for appellants.

D. M. Boswell, of Butler, for appellee.

318

FOSTER, Justice.

The record shows that the final judgment was rendered on July 16, 1934. A motion for a new trial was filed July 30, 1934. On July 31st, the order of the judge was that it was submitted on the motion and taken under consideration. No further order was made until October 12, 1934, when the motion was overruled. The bill of exceptions was presented to the judge on December 24, 1934. This was within ninety days after October 12th, and was sufficient if the court had the power to act on the motion on October 12th. Section 6433, Code; Stallings. v. Clark, 218 Ala. 31, 117 So. 467; Lester v. Gay, 217 Ala. 585, 588, 117 So. 211, 59 A. L. R. 1561; Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31.

While it is true that such a motion may not be acted on except as provided in section 6670, Code, this court has held that under that statute, when a motion is heard, submitted, and taken under consideration, no further order is necessary to retain jurisdiction, unless its consideration is carried beyond the current term. Ex parte Adams, 216 Ala. 353, 113 So. 513; Greer v. Heyer, 216 Ala. 229, 113 So. 14.

Since this record shows that the motion was submitted and taken under consideration at a time when the court had the right to do so, and was not carried beyond that term before action was taken by it, the court had the power to act on the motion when it was overruled. That order is therefore the effective date from which the ninety-day limitation in section 6433, Code, extends. The

motion to strike the bill of exceptions must therefore be overruled.

The bench notes, which appear on page 19½ of the record, are no part of the judgment, and were not extended into a formal entry and are not sufficient on which to predicate assignments of error. Webb v. French, 225 Ala. 617, 144 So. 818; Chambers v. Morris, 144 Ala. 626, 39 So. 375; Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117.

The judgment which appears on page 20 of the transcript shows no rulings of the court on the various matters mentioned in several assignments of error. It recites the appearance of the parties, does not state what issue was joined, renders a personal judgment against some of the defendants, and in favor of others, and at the conclusion it recites: "And it is further the opinion of the court that the property attached should be condemned in satisfaction of the judgment against" defendants who were held liable. But that is not a condemnation of such property. The mere "opinion" of the court is not an effective order. Thompson v. Maddux, 105 Ala. 326, 16 So. 885; Hill v. Hill, 211 Ala. 293, 100 So. 340, and cases cited.

The suit was begun by attachment for $540 on an affidavit alleging that such an amount "is due as stumpage for the cutting and removing of forty-nine oak trees, three pine trees from the land of affiant without his knowledge or consent * * * as stumpage at the rate of $10.00 per tree." The writ was against the estate of the defendant and was levied on a car of cross-ties. O. P. Phillips made affidavit of ownership, and gave bond as a claimant. Thereafter plaintiff moved the court to allow him to amend the affidavit of attachment and other records by adding O. P. Phillips as defendant. But no such order appears. But on the same day plaintiff filed a summons and complaint, naming them all, including O. P. Phillips, as defendants. Section 6210, Code.

The complaint so filed was in three counts: First, the statutory penalty for cutting forty-nine oak trees and three pine trees. The second count was in trespass on the land and the cutting the same trees. The third count was in trover for the conversion of those trees. All the defendants, including O. P. Phillips, who made claim to the property, were served personally, and appeared and demurred to the complaint. But there is no formal entry of judgment on the demurrer.

The defendants then demurred to the affidavit as amended. This is not the proper meth-

od of reaching an insufficiency of the affidavit. A plea in abatement is the proper manner of doing this. Section 6212, Code; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257; Mann Lumber Co. v. Bailey Iron Works, 156 Ala. 598, 47 So. 325. But in respect to this demurrer also, there is no sufficient judgment in the record.

The defendants then moved to strike the complaint on the ground that it is a departure from that stated in the affidavit. There is likewise no sufficient judgment on that motion. That may be the proper method of presenting that question. But the complaint is not a departure, as we understand the situation from the affidavit of attachment. The correct procedure to test the question of whether the debt stated in the affidavit is or is not such as the statute authorizes is only by a rule to show cause against the dissolution of the writ. Dorrough v. Mackenson, supra; Rich v. Thornton, 69 Ala. 473; Drakford v. Turk, 75 Ala. 339; Brown v. Coats, 56 Ala. 439; Melvin v. Scowley, 213 Ala. 414, 104 So. 817.

No question has been raised as to whether a claim in trespass, trover, or for the statutory penalty is such as contemplated by section 8906, Code. Neither the affidavit nor writ assert that plaintiff is seeking to enforce a lien there provided.

The writ directed the attachment of the estate of defendants. Such is the writ used when no statutory lien is sought to be enforced. If it is sought to enforce a stumpage lien, it should be issued against the timber or lumber on which the lien exists, the writ as here issued is not void. Ellis v. Martin, 60 Ala. 394; Hawkins v. Gill, 6 Ala. 620; Wright v. Dubose, 17 Ala. App. 207, 84 So. 432.

And if the irregularity is not presented by plea in abatement, it is sufficient to accomplish the purpose sought. Cases supra. The judgment need not declare the existence of the statutory lien. Mann Lumber Co. v. Bailey Iron Works, supra. Since no question is thus raised, whether the judgment for plaintiff in fact has the effect of enforcing a statutory lien is a question which is here abstract, and depends upon the construction of section 8906, Code, but it may arise on a trial of the claim of O. P. Phillips.

Other questions are argued, which we may answer with a statement of the applicable principles. The only method by which the truth of the ground of attachment, as stated in the affidavit, may be inquired into in that suit is by a plea in abatement. Dorrough v. Mackenson, supra; Melvin v. Scowley, supra.

The time fixed by the statute (Code 1923, § 6209) in which the complaint may be filed is directory, and the court may overrule a motion to strike it on that ground without error. Perkerson v. Snodgrass, 85 Ala. 137, 4 So. 752; Boswell v. Slade, 207 Ala. 340, 92 So. 607.

Section 6216, as it appears in the Code of 1923, contains an amendment added to that of 1907, section 2968, by providing that when personal service of a summons and complaint is had (as authorized by section 6210), a claim suit is not required to be tried before the main suit. The reason for the requirement that the claim suit be tried first was that when the only method of bringing in a defendant was by attaching his property, it was not complete so long as there was a claimant of all the property so attached, until that claim was disposed of. But when there is a summons and complaint served on him, he is personally before the court, and service is not dependent upon attaching his property. So that the rule of the older cases was changed by the amendment to section 6216, Code. Some of the older cases whose authority is thus changed are: Abraham v. Nicrosi, 87 Ala. 173, 6 So. 293; Richards v. Bestor, 90 Ala. 352, 8 So. 30.

O. P. Phillips, the claimant, and who was made a defendant by the summons and complaint, appeared generally, and the question of his liability to personal judgment was tried by the court without a jury. A judgment was rendered for plaintiff against defendants Charles Lee and T. A. Cooper for a sum of money, but the other defendants, including O. P. Phillips, were held not so indebted, and a judgment was rendered in their behalf.

And, as we have said, the judgment expressed the opinion that the property attached should be condemned. The bench note was that it be condemned. The effect of a condemnation in that judgment was only an order to sell the interest in the property of those defendants against whom judgment was rendered. It could have no effect on the rights of O. P. Phillips set up in his claim suit. That suit should be determined pursuant to section 10376, Code. There is nothing inappropriate in an order of condemnation, when there is service of summons and complaint, before the trial of the claim suit, but such an order does not affect the rights of the claimant. The claim suit is distinct and independent of the main suit, and is triable separately from it. Wheeless v. N. Y. Steam

Dye Works, 129 Ala. 393, 29 So. 793; Gray v. Raiborn, 53 Ala. 40. And if the trial of the claim suit results in a holding that the property does not belong to the claimant, it is so ordered, and the rights so determined are then subject to the condemnation which was made in the main suit. But the condemnation first made in the main suit is only operative on the rights of the claimant of that property after that claim has been determined in that proceeding.

That proceeding is possibly still pending. Whether so or not, the judgment here rendered, considered as including an order of condemnation, does not affect O. P. Phillips in so far as his claim suit is concerned. Whether it is undisposed of need not appear on the trial of this suit. It operates on the rights of Lee and Cooper, and may or not take precedence over those of O. P. Phillips dependent upon the outcome of that trial. Neither the rights of O. P. Phillips or of W. B. Phillips are prejudiced by the judgment.

But the appeal was taken by Charlie Lee, T. A. Cooper, against whom judgment was rendered, and W. B. Phillips and O. P. Phillips, and they all jointly assign errors. A joint assignment which cannot be sustained as to all who join in it is bad as to all those who so assigned them. 1 Ency. Digest (Ala.) p. 467, § 721.

Since there is no community of interest in the assignments, and all the rulings are without prejudice to two so assigning, the other two cannot review any of them.

We have not therefore further considered the rulings which Lee and Cooper claim were erroneous.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.