212 So.2d 845

**Cecil DATES**

v.

**STATE of Alabama.**

**7 Div. 819.**

Supreme Court of Alabama.

July 25, 1968.

458

Myron Waits, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

COLEMAN, Justice.

On September 24, 1963, petitioner, being represented by counsel, was arraigned on an indictment charging murder in the first degree. He pleaded guilty.

On October 14, 1963, defendant was found guilty by a jury and sentenced to life imprisonment.

On May 2, 1966, petitioner filed a petition for writ of error coram nobis. As we understand the record, petitioner complained that his constitutional rights had been violated in that: he was not arraigned prior to trial; his confession introduced in evidence against him was illegally obtained; prosecuting attorney entered the jury room during their deliberations; and he did not have counsel at the time his confession was made. Counsel was appointed to represent petitioner at the hearing on the petition. On August 31, 1966, the court denied relief.

On August 19, 1967, petitioner filed a second petition for writ of error coram nobis. As we understand the petition, the grounds for relief in the second petition were included among the grounds alleged in the first petition, but, in any event, no cause is shown in the second petition

why the grounds in the second petition were not known to petitioner or could not have been reasonably ascertained by him when the first petition was heard. Supreme Court Rule 50; 279 Ala. XLIII.

On November 14, 1967, the court appointed counsel to represent petitioner on the hearing of the second petition.

The state filed a motion, based on Supreme Court Rule 50, to deny and dismiss the second petition and the court dismissed it on April 3, 1968.

In its order of dismissal, the court notes that petitioner's counsel prepared an amended petition based on allegations in the second petition and matters communicated to counsel. Counsel made known to the court that counsel had read the amended petition to petitioner, but petitioner advised counsel that petitioner would neither swear to nor sign it. The court asked petitioner his desires in regard thereto, and petitioner informed the court that petitioner would not sign it and desired to be heard on the petition originally filed on August 19, 1967. Accordingly, the cause was submitted on motion to deny and dismiss the second petition.

The court found that petitioner had a full hearing on the first petition and that no substantial new grounds were set forth in the second petition which were not known or reasonably ascertainable at the time of filing the first petition, and that no cause was alleged for not including such grounds in the first petition. The court then dismissed the second petition.

Petitioner gave notice of appeal from the order dismissing the second petition, and the court appointed counsel to represent petitioner on the instant appeal.

In brief, counsel have set out a copy of the amended petition which petitioner refused to swear to or sign. By petitioner's express desire, however, this paper was excluded from consideration

by the trial court and is not in the record before us. We cannot consider it. As a general rule, the appellate court cannot consider any matter outside the record. Gray v. Raiborn, 53 Ala. 40; Scroggins v. Alabama Gas Corp., 275 Ala. 650, 654, 158 So.2d 90; cases cited in Alabama Digest, Appeal and Error, ⊝ 712 and 714(5). We do not suggest or intimate that the amended petition would change the result if petitioner had sworn to and signed it and made it a part of the record before the trial court.

We conclude that the judgment of the trial court dismissing the second petition is correct and must be affirmed. Supreme Court Rule 50.

Affirmed.

LIVINGSTON, C. J., and MERRILL and KOHN, JJ., concur.