DeCARLO, Judge.
Samuel Phillip Johnson was indicted by the Jackson County Grand Jury for first degree murder and charged with killing Timothy Chris Edwards “by shooting him with a shotgun.”
A motion to quash indictment and jury venire was denied. After a hearing, an application to be arraigned as a youthful offender was also denied.
The appellant was tried by a jury on the first degree murder charge and was found guilty of murder in the second degree and sentenced to eighteen years in the penitentiary.
On Halloween night, October 31, 1978, Chris Edwards [the victim], and two of his friends had gone “halloweening” around Jackson County in Edwards’ pickup truck. After purchasing beer and eggs they rode “up and down the road egging a few friends.”
The appellant, his brother, and his cousin, were also riding in Jackson County that night. After being “egged” the second time, the appellant and his two companions followed the victim and his friends, who, attempting to hide, pulled into Walker Mill’s Lane.
The testimony indicated that, when the victim and his friends attempted to drive out of the “Lane,” the appellant and his companions blocked the exit. At that point, the appellant and his companions jumped out of their car, walked over to the truck, and began to curse the victim. A scuffle *1019 ensued between the appellant s companions and the victim. After the scuffle, the appellant walked to his car and got a shotgun, which he placed to his shoulder and fired at the victim. The fatal shot hit the victim in the center of his chest.
Testimony indicated that, at the time the victim was shot, he did not have a weapon, although he was approaching the appellant with hands by his side. Further, the appellant said he did not see a weapon in the victim’s hands, but he did see the victim reach into his pocket. No weapon was ever found on the victim.
I
The appellant contends that the trial court erred in denying his motion to quash the venire from which the grand jury was drawn. He argues that the venire was not drawn from a box filled in compliance with Act No. 594, Acts of Alabama, Regular Session 1978. Further, he maintains that the grand jury was drawn from a jury venire empanelled according to a statutory scheme which had been “expressly repealed.”
On April 27, 1978, Act No. 594, Acts of Alabama, Regular Session 1978, was enacted into law. Act No. 594 completely changed the procedure or method of qualification in selecting prospective jurors and specifically repealed prior Code sections. On August 7, 1978, during the special session of the Alabama Legislature, Act No. 594 was amended by Act No. 14 (§ 12-16-58), Code of Alabama 1975, 1978 Interim Supplement. This amendment dealt exclusively with setting up a time provision for the implementation of Act No. 594.
The criminal offense with which the appellant is charged occurred on October 31, 1978. On August 14, 1978, the grand jury was drawn from a box filled in accordance with the old procedure and not Act No. 594, supra. This grand jury, on January 26, 1979, returned an indictment against the appellant for first degree murder.
The new law, Act No. 594, supra, became effective on April 27, 1978, the day the Act was signed by the governor. Act No. 594 provided that the jury commission had until July 31, 1978, to implement the new system of selecting jurors. This new system was totally different from the old procedure and time was needed to compile new jury lists to refill master jury boxes and to mail out qualification questionnaires. If the jury commission had been required to select prospective jurors according to Act No. 594 within the time available, then the commission would have been required to perform a seemingly impossible task.
As stated in 1A C. Sands, Sutherland Statutory Construction, § 23.06 (4th ed. 1972), “The courts will not ascribe to the legislature an intent to create absurd or harsh consequence, and so an interpretation avoiding absurdity is always to be preferred.”
In our judgment,- the legislature, in an attempt to prevent confusion and to allow for an orderly systematic selection of jurors in accordance with Act No. 594, supra, extended the time for implementing the new jury law. The amended language of § 2 of Act No. 14, (§ 12-16 — 58, Code of Alabama 1975, 1978 Interim Supp.) reads, in pertinent part, as follows:
“. . . The master jury box shall be filled as prescribed in this article by December 31, 1978, and shall be emptied and refilled in December of each even-numbered year thereafter.” [Emphasis added].
Additionally, the legislature, in order to make the intentions specific, added the following language to § 14 of Act No. 594:
“Section 14. Effective Date. This act shall become effective immediately upon its passage and approval by the governor or upon its otherwise becoming law. Provided, however, that nothing in this section shall be construed so as to require the jury commission to refill the master jury box, or to otherwise establish a trial court jury box of qualified prospective jurors prior to the time specified in Section 4(b) of the Act.” [Emphasis added].
Turning again to 1A C. Sands, supra, at § 22.31, we find:
*1020 “If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act — a formal change — rebutting the presumption of substantial change.”
Act No. 14, which was passed by the legislature on August 7, 1978, clearly states that the master jury box “shall be filled as prescribed in this article by December 31, 1978.” Under Act No. 14, supra, the new jury selection law [Act No. 594] was not required to be placed in effect until December 31, 1978.
The members of the grand jury who were empanelled on August 14, 1978, and who ultimately indicted the appellant in the present case were drawn from a jury box filled in accordance with the then existing law. Under the facts in this case, the provision for filling the jury box under Act No. 594, supra, was not in effect and did not become effective until December 31, 1978.
Therefore, the trial court properly denied the appellant’s motion to quash the grand jury venire.
II
The appellant complains that the trial court’s denial of youthful offender status was reversible error because the denial was based only on the nature of the crime charged without any consideration given to other factors, such as prior convictions and age of the defendant. The only reference to a hearing on the appellant’s application for youthful offender status appears in the following portion of the record:
“On this the 2nd day of March, 1979, in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorney, Richard Kempaner, for hearing on defendant’s application for Youthful Offender Status, and a hearing was held. Youthful Offender Status is denied and the case is placed on the docket for trial as an adult.”
It is the appellant’s contention that the trial court considered only the nature of the crime charged. He argues that this is a matter of record. Nowhere in the record do we find that the trial judge considered only the offense in his determination of whether this appellant would be given youthful offender status. As can be seen from the above portion of the record, reflecting the only reference to youthful offender status, a hearing was held, and the application for youthful offender status was denied. We cannot' determine from this record what factors the court considered in ruling on the appellant’s application.
Under Edwards v. State, 287 Ala. 588, 253 So.2d 513, and Dates v. State, 282 Ala. 457, 212 So.2d 845, this court can only consider matters contained in the record proper and cannot consider appellant’s contentions that are not supported by the record.
From our reading of the above cited portion of the record, we cannot say that the trial court did not consider factors such as prior conviction and age of the appellant. For aught that it appears, the court may have considered the foregoing factors in the hearing which was conducted. Therefore, under this limited record, we do not believe that error can be attributed to the trial judge. Watkins v. State, Ala.Cr.App., 357 So.2d 156.
Under these facts, the trial court’s denial of youthful offender status is not error.
No error appearing in the record, the judgment of conviction by the Jackson Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.